## No. 10,366.

### OTOUPALIK v. PHELPS.

#### Decided June 4, 1923.

Action for damages resulting from personal injuries sustained in an automobile accident. Judgment of dismissal.

*Affirmed.*

1.  MOTOR VEHICLES—*Personal Injuries—Liability.* The lender of a

machine, not inherently dangerous in itself, should not be held liable to third persons for the negligent acts of the borrower who is using it at the time in his own business, or for his own pleasure.

*Error to the District Court of Weld County, Hon. George H. Bradfield, Judge.*

Mr. JOSEPH C. EWING, Mr. WORTH ALLEN, for plaintiff in error.

Mr. JAMES W. MCCREERY, Mr. DONALD C. MCCREERY, Mr. HUBERT D. WALDO, JR., for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE object of this action is to recover damages for personal injuries actually inflicted upon the plaintiff by the defendant Galland, who drove an automobile upon and into a car which the plaintiff was then driving. The other two defendants, Phelps and Nicholas, were not present at the time, and exercised no control over Galland in driving the car. They are sought to be charged as joint wrongdoers upon the ground that, knowing Galland to be a very careless and reckless driver of automobiles, they permitted him "to drive an automobile which they owned or had in their possession." Nicholas was not served with process. Galland and Phelps appeared and each filed a separate motion and demurrer; those of Galland being overruled; those of Phelps sustained. Plaintiff elected to stand by her complaint, and the court dismissed the action as to Phelps. The only inquiry on this review is as to the sufficiency of the complaint as to Phelps who is the sole defendant in error. Assuming, but not deciding, that the disjunctive allegation above quoted fastens liability on Phelps as a joint wrongdoer, if the complaint is otherwise sufficient, we proceed at once to consider the main question before us: the liability of a bailor to third persons for negligence of the bailee in using the subject

of the bailment.  That the permission given by Phelps to
Galland to use the automobile constitutes a bailment is
admitted.  The general rule unquestionably is that a
bailor is not liable to third persons for injuries resulting
from the negligent use by the bailee of the thing bailed.
There are exceptions to the general rule, under the doc-
trine of *respondeat superior,* as where the relation is that
of master and servant, or where there is involved "a fam-
ily purpose", or where the bailment is to an infant, lunatic
or intoxicated person, or the thing bailed is in itself a
"dangerous instrumentality".  None of these elements is
here present.  All are eliminated by exclusion of the
charging language of the complaint.  No claim that the
automobile is a dangerous instrument is asserted.  Phelps'
liability is predicated solely on the fact that he lent his
machine to one whom he knew to be a reckless driver.
There is no common law rule or principle that makes a
bailor of an automobile liable to third persons for the
negligence of him who borrows it while the thing bailed is
under the sole custody and control of the latter, apart
from the exceptions noted.  Some states like Michigan
have passed statutes intended to impose liability in cases
like that before us.  Only in the State of Alabama has the
doctrine contended for here by plaintiff been applied.
*Parker v. Wilson,* 179 Ala. 361, 60 So. 150, 43 L. R. A.
(N. S.) 87, was a case where the father was held not
liable for the injuries to a third person caused by the
negligence of his son while driving the father's automo-
bile.  It was held that the mere fact of paternity does not
render the father liable for the torts of his minor child,
but that, in a proper case, the father would be liable for
the negligence of his son, if at the time the son was act-
ing as his agent or servant; but as that fact did not appear
in evidence the father was exonerated.  After having so
ruled the court, by way of illustration, said that liability
might arise where an owner entrusted a machine of such
dangerous potentialities to the hands of an inexperienced or
incompetent person, whether child or servant, but immedi-

ately added that no such case was presented by either the
pleadings or the evidence. Yet in a subsequent case (*Gard-
ner v. Solomon,* 200 Ala. 115, 75 So. 621, L. R. A. 1917E,
380) the same court adopted and applied this *dictum* of the
Parker case as the law applicable to a state of facts much
like those of the instant case.

*Daily v. Maxwell,* 152 Mo. App. 415, 133 S. W. 351,
cited by plaintiff as announcing the Alabama doctrine,
clearly falls within one or more of the exceptions to the
general rule, because the infant son, to whom the owner
of the car entrusted it, was at the time of the injury to
the third person, using the car as a member of his father's
family, and the use he was making of it was one of the
very uses for which the father kept the vehicle. The
conclusion of the court was that in thus running the car
with the consent of the father, the son was the agent and
servant.

In *Hutchins v. Haffner,* 63 Colo. 365, 167 Pac. 966, L. R.
A. 1918A, 1008, not cited by the parties, the husband was
held liable for the negligence of his wife in driving an
automobile which was purchased and kept for the use
of the family and which she had general permission from
her husband to drive at her pleasure. This holding was
upon the theory that the wife was the husband's agent in
carrying out one of the purposes for which the car was
purchased. In other words, it was a "family purpose".
The wife being a member of the family, and having gen-
eral permission to drive the car, she was considered as
the husband's agent when she drove the car as in that
case, "for a family purpose." That case is clearly dis-
tinguishable from the instant case, for the court there
said that the husband is not liable for the tort of his wife,
committed during coverture, and without his presence and
in which he in no manner participated, and what is con-
clusive of this case: "It is also clear that the husband in
this case is not liable as a bailor of the automobile for the
negligence of the wife as bailee. 5 Cyc. 212."

Our examination of the cases cited leads us to the con-

clusion that the Alabama court is the only one that recognizes the theory of the plaintiff upon which this case is brought. The great weight of authority in this country is to the contrary. *Fisher v. Fletcher* (Ind), 133 N. E. 834, is a case quite in point, and the court, at page 836, there says, in answer to the argument like that of the plaintiff here:

"The presence of a responsible human agency in this so-called combination, which converted the nondangerous instrument into one liable to inflict injury without any action by appellee or his participation therein, renders the doctrine of which appellant seeks to avail himself inapplicable. The human agency involved, being a bailee of the automobile in question at the time it inflicted the alleged injuries on appellant, must be held responsible for the infliction of such injuries, since no facts are alleged to take the case out of the operation of the general rule in that regard."

Among other cases to the same effect are: *Hartley v. Miller,* 165 Mich. 115, 130 N. W. 336, 33 L. R. A. (N. S.) 81; *Brinkman v. Zuckerman,* 192 Mich. 624, 159 N. W. 316; *Jones v. Hoge,* 47 Wash. 663, 92 Pac. 433, 14 L. R. A. (N. S.) 216; 125 Am. St. Rep. 915; *Phillips v. Gookin,* 231 Mass. 250, 120 N. E. 691; *Potts v. Pardee,* 220 N. Y. 431, 116 N. E. 78, 8 A. L. R. 785; *Bogorad v. Dix,* 176 N. Y. App. Div. 774, 162 N. Y. Supp. 992; *Cohen v. Meador,* 119 Va. 429, 89 S. E. 876; *Zeeb v. Bahnmaier,* 103 Kas. 599, 176 Pac. 326, 2 A. L. R. 883; *Watkins v. Clark,* 103 Kas. 629, 176 Pac. 131; *Neubrand v. Kraft,* 169 Iowa, 444, 151 N. W. 455, L. R. A. 1915D, 691; *Olsen v. Veness,* 105 Wash. 599, 178 Pac. 822.

Such being the state of the law in this country, this court, without legislative authority, should not depart from the general rule of the common law that the lender of a machine, not inherently dangerous in itself, should not be held liable to third persons for the negligent acts of the borrower who is using it at the time in his own business or for his own pleasure.

The judgment of the trial court dismissing the action should be, and is, affirmed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE SHEAFOR concur.