## No. 11,828.

CONTINENTAL INVESTMENT COMPANY *v.* GARCHER, ET AL.

Decided January 16, 1928.    Rehearing denied February 20, 1928.

Proceeding under the Workmen's Compensation Act. Judgment for claimant.

### *Affirmed.*

1.   WORKMEN'S COMPENSATION—*Commission Findings.* Findings of fact of the industrial commission based on conflicting evidence are conclusive on review.

2.   *Medical Fees.* A medical bill for $50 for seeing the patient once, where the physician testified, "I will admit I swelled it," should not be allowed as a part of the medical and hospital expenses in a workmen's compensation case.

3.   *Award—Fraud.* Where the industrial commission knew the truth concerning alleged fraud in the procurement of an award before the award was entered, it is held that it was not procured by fraud, if there was any.

4.   WITNESSES—*Physician—Privileged Communication.* Objection to a question to a physician calling for a conversation with his patient, held improperly sustained where there was no showing that it called for any communication necessary to enable him to prescribe or act for the patient, under C. L. § 6563.

5.   APPEAL AND ERROR—*Exclusion of Evidence—Harmless Error.* Where neither party is prejudiced by the erroneous exclusion of evidence, the error does not necessitate a reversal.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. JOHN T. BOTTOM, Mr. PAUL F. IREY, for plaintiff in error.

Mr. CARL CLINE, Mr. BRYAN L. WHITEHEAD, Mr. E. J. ACKERSON, Mr. OTTO FRIEDRICHS, for defendants in error.

*En Banc.*

Mr. Chief Justice Denison delivered the opinion of the court.

This is the second visit of this case to this court. See *Industrial Commission v. Continental Investment Co.,* 78 Colo. 399, 242 Pac. 49. We there held that Garcher was an employee of the Continental Investment Company by virtue of C. L. § 4423, and reversed the judgment of the district court which held the contrary. The commission then had further hearings and rendered a supplemental award August 27, 1926, which allowed fifteen dollars per week (including the fifty per cent additional for non-insurance) from September 7, 1924, to July 31, 1925, $100 to attorneys, and for medical and hospital attendance not to exceed $200.

The plaintiff in error claims that the evidence is insufficient to support the award because it appears that the claimant's disability, or the greater part thereof, was caused by disease. This raises a question of fact which the commission on conflicting evidence has decided for the claimant. Whether we agree or not we cannot disaffirm. *Rosenkranz v. Industrial Com.,* 83 Colo. 123, 262 Pac. 1014.

It is said that the claimant at the earlier hearings testified falsely as to his disease, saying that he had none, but he later admitted otherwise. That, however, only goes to the weight of his testimony, and he says that a long time before the accident he was pronounced cured. The testimony of the doctors on the cause of disability is conflicting and so not conclusive, we therefore cannot reverse on this ground.

Plaintiff in error claims that an allowance for medical expenses was erroneous because a physician testified with reference to his charge of $50 for seeing the patient once. "I will admit I swelled it as we frequently do." The claimant had not paid this bill but asserted his intention to do so. The physician had signed "Received payment" on the bill though it had never been paid. This $50 bill

should not have been allowed as a part of the $200 medical and hospital expenses, but we do not know that it was so allowed.   We cannot assume that the commission included it in the $200.

The claim is made that the district court should have set aside the award because it was procured by fraud. C. L. § 4477.   The frauds alleged are the false testimony that claimant had no disease and the swelled doctor's bill of $50; both of these points, however, were made before the commission; and, since the commission knew the truth before the award, the same was not procured by the fraud if there was any.   *Pellett v. Industrial Com.,* 162 Wis. 596, 599 et seq., 156 N. W. 956, 958, Ann. Cas. 1917D, 884.

The plaintiff in error offered Dr. W. W. Kenney as a witness and the referee sustained an objection to a question asked him what conversation he had with claimant when he consulted him.   It is claimed that the conversation was privileged, but there is no showing that it called for any communication "necessary to enable him to prescribe or act for the patient," C. L. § 6563; it would seem, therefore, that there was error, but since we do not know what the evidence was, it does not "affirmatively appear" that the claimant or plaintiff in error was damaged thereby (C. L. § 4364); so it does not call for reversal.   We do not find it necessary to consider whether, under § 4364 we have any power to set aside an award for the erroneous rejection of evidence.

Judgment affirmed.