## No. 12,032.

### TOWLES v. MEADOR.

Decided November 12, 1928.   Rehearing denied December 10, 1928.

Mr. E. G. VANATTA, for plaintiff in error.

Messrs. GOODING & MONSON, Mr. GEORGE A. PUGHE, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Towles made a homestead entry and filing in the local United States land office at Glenwood Springs, Colorado, on lands situate in a certain section

33. Defendant Meador filed on the same tract (and upon other lands in the land district) under the oil and gas statute. There was a contest in the land department between the parties as to the character of the land in this section, in conflict in these two filings, which finally reached the Secretary of the Interior. His decision upon the controversy, of date May 14, 1926, was against defendant Meador and in favor of plaintiff Towles on the ground that the lands in section 33 were not classed by the Department as oil and gas land, but as homestead land, and for that reason the Department excluded from defendant Meador's application the lands therein situate and awarded the same to the plaintiff Towles under his homestead entry, to whom was issued on January 14, 1927, a patent "without reservation or waiver." The record is silent as to which was the earlier filing, but that is not important here. The important thing is that in this contest between Towles and Meador, over the land situate in section 33 in conflict, the decision of the final authority in such matters was in Towles' favor. Thereafter on June 4, 1927, the defendant Meador, bound as he was by the decision of the Secretary of the Interior that the lands in conflict were subject to entry under the homestead act, and not under the oil and gas statute, filed and caused to be spread upon the public records of Moffat county, Colorado, the following alleged libelous, false and defamatory words and figures, to-wit:

"No. 38155. Notice of affidavit for investigation. To Whom It May Concern: Notice is hereby given that the undersigned has filed with the Department of the Interior of the United States Government, an affidavit and petition for investigation and action with the view to, and purpose of, cancelling patent No. 994248, issued January 14, 1927, to Price W. Towles for lots 6 and 7 and the S½ of the NW¼ of section 4, in township 5 north, the S½ SE¼, NE¼ SE¼ and the SE¼ NE¼ of section 33, in township 6 north, all in range 96 west, 6th P. M. Colorado, upon the ground and for the reason that

said Price W. Towles never established residence upon said land in accordance with the requirements of the homestead law under which the same was entered, never lived thereon at all, and that he obtained said patent by fraud.''

The complaint in libel in the pending action by plaintiff Towles against the defendant Meador is to recover damages which he has suffered in his reputation, and by reason of a cloud cast upon his title, because of the publication, by spreading upon the public records the notice aforesaid, whereby he alleges that the defendant intended to, and did, charge him, the plaintiff, with perjury and fraud in unlawfully obtaining the patent aforesaid. There are four separate and distinct causes of action in the complaint. The original answer as filed was, in substance, an admission of the publication of this notice and spreading the same upon the public records, and that the purpose of filing this notice was to set in motion an investigation with a view to, and for the purpose of, cancelling the plaintiff's homestead patent. Upon the trial of the action, after the evidence of both parties was heard and the trial court had denied the motion of each for a directed verdict, the defendant, over the objection of the plaintiff, was permitted to, and did, file an amended answer to the four causes of action which, in substance, pleaded qualified privilege and the truth of the alleged libelous matters. The jury's verdict on the issues submitted to them was for the defendant, which the court approved by dismissing the action at the cost of the plaintiff who is here with his writ.

The plaintiff in a voluminous opening brief discusses many questions of fact and propositions of law and some of them we find it unnecessary to determine. The defendant in his brief summarizes the questions for decision as follows: ''(1) Is the recorded notice a mere statement of the fact of the filing and descriptive of the contents of the petition and affidavit for investigation? (2) Was there sufficient competent evidence to sustain

the finding by the jury of noncompliance with the home-stead law?'' These propositions will be considered in their order.

1. This notice for an investigation placed by Meador on the public records is on its face something more than a mere statement of fact that Meador had filed with the Land Department an affidavit for an investigation by it of Towles' fraud in securing a patent; and something more than a mere description of its contents. Obviously it was intended to be, and in fact was, a distinct charge that the recorded patent of Towles was procured by his fraud. It constituted a republication of the alleged libel charged in the filing in the Interior Department. Its purpose was, and it was so admitted by Meador in his testimony, to warn proposed purchasers or incum-brancers that Towles' title was defective by reason of his fraud upon the Land Department in securing the patent. Meador admits that his purpose in making the filing was to affect the title of Towles, and to prevent a sale or transfer to innocent purchasers, and also with a view, if he succeeded in having Towles' patent set aside, to be in a position to ask, as he did, to have the lands in conflict restored in and to his application for an oil and gas permit.

Counsel have not cited any statute of the United States, or any rule of the Interior Department, bearing on the procedure adopted by Meador in filing this affidavit for investigation by the Interior Department, or filing this notice for record in Moffat county. It may be that any citizen may make such a filing in the Land Department in the interest of abstract justice. It may also be true that neither action was necessary to the accomplishment of his purpose. However that may be, if we assume for our present purpose that Meador's action was permissible, if not required, in order to protect his rights, if any he had, it does not necessarily follow that what he did in these filings relieves him of responsibility for his publi-cation that Towles committed fraud and perjury. Mea-

dor certainly did not lodge this affidavit with the Land Department as a party to any proceeding at that time pending in the Department. When the Secretary of the Interior in the contest between Towles and Meador ordered that a patent be, and the same was, issued to Towles, the proceeding instituted, and up to that time pending in the Department, to acquire this land, ended. Thereafter, according to the decisions of the Supreme Court of the United States hereinafter mentioned, the jurisdiction of the Department terminated. If fraud was committed by the patentee Towles in acquiring the land the only tribunal that could set it aside is the appropriate federal court in an equity suit instituted and controlled by the Attorney General of the United States. If, however, the Department on its own initiative might conduct an investigation to ascertain if fraud had been committed, and if it found as a result thereof that the patentee was guilty of the charge, it could not cancel the fraudulently procured patent. Its findings could not be accepted by the courts. The court having jurisdiction may make such a determination and the court only is authorized to cancel a patent once issued. It would seem to follow, therefore, that even though the Land Department in issuing patents exercises a judicial or quasi-judicial function, its power is exhausted when the patent is granted. If, however, the Department should conclude to, and does, conduct an investigation on the filing of such an affidavit of a volunteer and should find that fraud was committed, its proceeding in such investigation would not be a judicial proceeding in the sense that whatever pleading or filing a volunteer makes therein is attended by the protection surrounding judicial proceedings generally. At best its findings would be advisory only, hence, applying the law of the case, the filing made by Meador with the Interior Department of his request for an investigation of Towles' alleged fraud was not a judicial or semi-judicial proceeding, neither was it an initial step therein. Meador was merely a volunteer and

as such he is not protected by the rule that protects a party to a judicial proceeding in the filing of pleadings or documents therein relating to the pending controversy. It is claimed, however, here that he had a qualified privilege to make these filings. Meador certainly was under no duty to any one to publish these charges. If he had a right to do so by permission of the Department, in exercising that right, if he made charges against Towles of fraud and perjury, his responsibility therefor is not cancelled or discharged by the alleged fact that he was acting in good faith and to protect the interests of the public or even his own rights. 17 R. C. L. p. 341, et seq. As was said by Mr. Justice Denison in his opinion in *Switzer v. Anthony,* 71 Colo. 291, 295, 206 Pac. 391: ''The publication of a legal proceeding is qualifiedly privileged, but not until it has gone into court and thereby becomes public. * * * Moreover the qualified privilege permits only the publication of a truthful statement of the matter as it took place in the court. The defendant cannot claim a qualified privilege to say that one has been accused in a legal proceeding when he has not.'' So here. When the defendant published these charges he was not in court. There was no judicial proceeding, the protection of which the defendant has invoked in this case.

The court in some of its instructions, particularly in number 5, improperly assumed that Meador made this publication in a judicial or quasi-judicial pending proceeding in which he was a party, hence if he made the publication in a reasonable belief that the matters therein contained were true, they were privileged and no recovery for libel could be had thereon. This is reversible error for as we have seen the filings were not made in the course of, or pursuant to, a judicial proceeding in which he was a party. The same vice is found in other instructions. While in instruction number 6 the court properly instructed the jury to find for the plaintiff if the defendant maliciously and for the purpose only of

libelling the plaintiff, caused the recording of his notice in the Moffat county records, still this instruction does not cure the error in the giving of instruction number 5.

2. The defendant maintains that there was competent evidence to sustain the finding by the jury of noncompliance with the homestead law. His argument in support thereof is based upon the proposition that the plaintiff is not entitled to a verdict because the evidence here tended to show, and the jury found by its verdict, that the defendant's charges of fraud and perjury were sustained because plaintiff never lived on his homestead at all or made the necessary improvements thereon and deceived the Government by his sworn testimony given before the Department for the purpose of obtaining his patent. It would serve no useful purpose to discuss the evidence. It is in irreconcilable conflict and it may be that were it not that the evidence tendered by the defendant as to the alleged truth of the charges was inadmissible, we might be bound by the jury's finding. To what we have already referred, in the foregoing discussion concerning the decisions of the Supreme Court of the United States on such questions as are now before us, we cite the following, among other, authorities which sustain the proposition that, while our Constitution and statute provide that in a libel suit the truth of an alleged libel is a defense, the defendant was not permitted in this trial to have determined—while the decision of the Land Department granting a patent to Towles was not set aside and no suit by the Attorney General of the United States has been brought to set it aside—the truth of the charges of fraud and perjury by showing that the plaintiff was not entitled to a patent because of his fraud in procuring it.

In *St. Louis Smelting Co. v. Kemp,* 104 U. S. 636, 26 L. Ed. 875, in an elaborate opinion by Mr. Justice Field, it was held that where, as in this case, a patent has been issued by the Land Department for public lands of the United States which are subject to such disposition,

it exercises a judicial function and that its judgment as to matters of fact is conclúsive whenever brought to notice in a *collateral* proceeding. The patent is unassailable except by a *direct* proceeding for its córrection or annulment, and that it is an official determination by that branch of the Government, to which alienation of the public lands under the law is entrusted, that all the requirements preliminary to its issue have been complied with. If the patent is obviously void on its face, the learned judge says, or if its issuance is without authority or prohibited by statute, it may be impeached collaterally; but in general other objections and defects complained of must be put in issue in a regular course of pleading in a direct judicial proceeding to avoid the patent.

In *Ehrhardt v. Hogaboom,* 115 U. S. 67, 5 Sup. Ct. 1157, Mr. Justice Field said that it is the duty of the Land Department to determine whether or not, on the facts before it, the patent should issue and no court in an *action at law* has authority to test the validity of a patent by subjecting it to the test of the verdict of a jury on oral testimony. In *Sparks v. Pierce,* 115 U. S. 408, 6 Sup. Ct. 102, the court said that to entitle a party to relief against a patent of the government he must show a better right to the land than the patentee, such as in law should have been respected by the officers of the Land Department, and being respected would have given him the patent. In *Shepley v. Cowan,* 91 U. S. 330, 23 L. Ed. 424, it was held that the rulings of the Land Department, on disputed questions of fact, made in a contested case as to settlement and improvements of a pre-emption claimant, are not open to review by the courts when collaterally assailed. In *United States v. Minor,* 114 U. S. 233, 243, 5 Sup. Ct. 836, the court recognizes the principle that where there is a contest in the Land Department, as to the right of an applicant to a patent, and the Department makes a decision, the parties are concluded as to all facts thus in issue by the decision of the officers.

We have already referred to the fact that defendant Meador unsuccessfully contested in the Land Department his claim that the land in section 33, included in plaintiff Towles' filing, was oil and gas, not homestead, land and, therefore, not subject to Towles' homestead entry. This reference was not made because we conceived that this decision of the Secretary of the Interior prohibited Meador from questioning, in a proper way, and at the proper time, Towles' right to a patent. While such decision of the Land Department is conclusive upon Meador as to the character of the land, and the method to be pursued in the Land Department by one who desires to acquire it, such is not its potency or effect as to Towles' right to a patent. That right is to be determined in a different and subsequent proceeding. Our reference to this contest and the decision thereon was because it throws light upon Meador's motive and object in publishing, as he did, this libel of Towles.

Meador, however, is estopped in this libel action to assert that Towles did not maintain a residence upon his homestead land, but the estoppel is not based on the decision of the Secretary as to the character of the land but is upon other and distinct grounds. In the first place it is a collateral attack and as such is not permissible. According to the statute and the regulations of the local land office, when application is made for a patent, the register is required to publish a notice in a newspaper of the time and place where hearing on the application will be had. We are entitled to presume that the regulation in this respect was complied with. The proceeding in this particular is in the nature of a proceeding *in rem* at the common law. One who is interested, or who desires to question the right of an applicant to a patent, is thus afforded an opportunity to be heard. Such an one may appear and object to the issuance of the patent and may produce evidence that the applicant has not complied with the requirements of the statute. If he had any interest of his own to protect or, as a friend of the United States, desired to protect his government against fraud

and perjury, Meador thus had an opportunity to show in the land office that Towles had not made compliance with the residence provision and in other particulars. Whether or not he did appear is immaterial, for he is bound by the findings and orders of the land office which were in Towles' favor. The findings and decisions of the Land Department are conclusive thereafter against the world, including Meador, in any action or proceeding at law. Only the Attorney General in a suit in equity may have the patent cancelled. In addition to the authorities above cited, see those collected in 32 Cyc. pp. 1025, 1038, 1040, 1046. Also *Mayor of Aspen v. Aspen T. & L. Co.,* 10 Colo. 191, 201, 15 Pac. 794.

The application of the doctrine of these cases is that where, as in this case, the Land Department has made a decision upon controverted facts and has found that one of the parties is entitled to a patent which was issued to him, the other party to the contest, if any, is bound, and the world is bound, by its determination as to all facts in issue, and they cannot, in any *collateral* proceeding, question the conclusiveness of such a decision, and the only tribunal which can set it aside is the appropriate federal court in an equity suit by the Attorney General. Specifically applying the doctrine applicable here, it is that the Land Department, which had jurisdiction, found all facts which are involved in that proceeding, in Towles' favor, one of which was that Towles had resided upon the disputed tract of land for a sufficient time to justify an issue of patent to him and that all other facts essential to the right of a patent had been established in his favor, whether the same were then put in issue or not. Therefore Meador is not permitted in this libel action against him, which is an action at law, or in any suit other than in an equitable suit brought by the proper authority to set aside the patent, to say—after having neglected or waived his remedy before the final tribunal in the Land Department which had jurisdiction—that Towles was guilty of fraud and perjury in obtaining his patent because he had not maintained his residence upon this land

during the time required by the United States statute. This, in effect, is the substance of his plea of truth of the charges or, as stated by counsel, of "noncompliance with the homestead law." Such was his attempt at the trial which the court permitted; that is, he was permitted to show that Towles had not complied with the statutory requirements as to residence upon the land, and never in good faith lived on his homestead at any time before or after making final proof.

In addition to the foregoing, the plaintiff in his second cause of action alleges that publication of the notice by causing the same to be spread upon the records of Moffat county constitutes a cloud upon his title which he asks to have removed. In any view of the case, since no suit has ever been instituted by the United States to cancel this patent, it would be unfair to permit this recorded notice to remain upon the records for it unquestionably constitutes a cloud on plaintiff's title and was intended by the defendant to have that effect. The decree of the court, therefore, should, upon the admitted facts before it, have been for the plaintiff upon this cause of action. Whatever may be the result, as to other issues, in the event of a new trial, the court should enter the appropriate decree removing this cloud.

For the foregoing reasons the judgment of the district court is reversed and the cause is remanded. If a new trial be had it must be consistent with the views expressed in this opinion.

MR. JUSTICE BURKE, MR. JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.

MR. CHIEF JUSTICE DENISON and MR. JUSTICE WALKER concur in the conclusion reached in the opinion upon the first proposition concerning the construction and effect of the filing by defendant of the notice in the records of Moffat county, and that the judgment should be reversed for the error of the trial court upon this issue. They dissent as to the conclusion under the second proposition concerning compliance with the homestead law.