No. 14,927.

HERTZ DRIV-UR-SELF SYSTEM, INC. *v.* HENDRICKSON.

(121 P. [2d] 483)

Decided January 12, 1942.

Messrs. HINDRY, FRIEDMAN & BREWSTER, Messrs. BLOUNT, JANUARY & YEGGE, for plaintiff in error.

Mr. NATHAN R. KOBEY, Mr. MILTON C. GARWOOD, Mr. MAX FINKELSTEIN, for defendant in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

DEFENDANT in error, plaintiff below and to whom we hereinafter refer as Miss H, had judgment against plaintiff in error, Hertz Driv-ur-self System, Inc., hereinafter designated as defendant, for damages resulting from in-

juries sustained in an automobile accident, due, as Miss H alleged, to the "concurrent and combined" negligence of defendant and one John Reid, the driver of the automobile in which she was riding as a guest. The car was owned by defendant, but at the time of the accident was being driven by Reid who had rented it for the evening. The matter was tried to a jury which returned a verdict in favor of Miss H in the sum of $1,000. Reversal is sought on a writ of error.

The record discloses that on the evening of September 17, 1939, Reid, who was about nineteen years of age, rented a 1938 Chevrolet coach from defendant. In company with Miss H and two other young people he drove to the top of Lookout Mountain west of Denver, where they stopped for about an hour and a half, had some coffee and sandwiches, and danced. They started to return to Denver over the Mount Vernon Canon road, proceeding without difficulty until the car reached the four-lane extension of West Colfax avenue when Reid began speeding. In the center of this four-lane highway is a ridge which separates the two lines of traffic. Reid was driving close to the center of the thoroughfare and struck the ridge, due apparently to the excessive rate of speed. The car started to swerve, and, the driver losing control, it turned over, causing the injuries to Miss H of which she complains. No question is raised concerning the extent of the injuries, or the amount of damages awarded by the judgment. The issue is solely one of liability of defendant.

It should be noted, as already indicated, that Miss H grounds her action on the "concurrent and combined" negligence of defendant as being the proximate cause of the accident. No reliance is placed on the rule of respondeat superior, or upon the guest statute ('35 C.S.A., c. 16, §371, S.L. '31, p. 460, §1).

It is admitted that at the time Reid rented the car he had no license to drive an automobile in this state, and that defendant violated sections 154 and 156, chapter 16,

4

'35 C.S.A. (which prohibit the renting or loaning of a car to any person not duly licensed, section 156 [b] requiring the renter to inspect the license of the person to whom the car is to be rented) in renting the car to him. Counsel for Miss H argues from this that the violation of the statute was negligence per se and that she therefore was entitled to have the jury pass upon the question as to whether such negligence of defendant—concurrently with that of Reid — was the proximate cause of the accident which resulted in her injuries. As stated above, it is admitted that Reid had no operator's license, but the record discloses that he had rented cars on thirty-three previous occasions and that he never had been involved in an accident before the one here now under consideration.

Of the eighteen assignments of error urged for reversal, we deem it necessary to consider only the first, namely, that the trial court erred in denying defendant's motion for a directed verdict in its favor which was interposed at the close of the evidence.

■ The violation of a statute regulating the use of automobiles does not, of itself, impose liability for an injury caused by the automobile, but the person seeking to recover for such an injury must show not only the violation, but that such violation was the cause of the injury. 42 C.J. 887. See, also, 45 C.J. 732.

■ It has long been the rule in this state that the bailor of an automobile is not liable to third persons for injuries resulting from the negligent operation thereof by the bailee. *Otoupalik v. Phelps,* 73 Colo. 433, 216 Pac. 541. There are certain exceptions to this rule, as pointed out in that case, and in the case of *Marron v. Helmecke,* 100 Colo. 364, 67 P. (2d) 1034, but the case at bar does not come within any of these exceptions.

■ That there is here no statutory liability is indicated by the fact that our General Assembly repealed that portion (section 103 (a) of chapter 122, S.L. 1931, which gave a civil cause of action for damages etc.,

against the renter of a motor vehicle. The repealing statute is chapter 164, S.L. 1935 ('35 C.S.A., c. 16). Sections 154 and 156 of said chapter 16, '35 C.S.A., relied upon by Miss H do not give a civil cause of action for damages. The statute simply imposes a criminal penalty for a violation of its provisions.

 It is possible that the renter of an automobile, such as the defendant here, would be liable in this type of action, as was the case in *Owens v. Carmichael's U-Drive Autos, Inc.*, 116 Cal. App. 348, 2 P. (2d) 580. However, that case was decided on the theory that the renter was charged with knowledge that the driver was in fact incompetent. Also, California has a statute which gives a civil cause of action against the owner. In the case at bar, the allegation in Miss H's complaint concerning Reid's incompetency was based upon information and belief, while the undisputed evidence discloses, contrary to her allegation, that Reid rated above the average as a competent and careful driver. As already indicated, he had previously rented cars from defendant on thirty-three occasions and had driven them without so much as denting a fender. He had for several years driven other cars in the course of his employment in Denver without being involved in any accident. From this record it becomes apparent that Miss H failed to prove one of the essential allegations of her complaint; consequently the trial court should have directed a verdict for defendant. There being no conflicting evidence as to the competency of Reid as a driver, the question of proximate cause was for the court. *Snyder v. Colorado Springs & C. C. D. Ry. Co.*, 36 Colo. 288, 85 Pac. 686, 8 L.R.A. (N.S.) 781, 118 Am. St. Rep. 110.

We think the stress laid on "concurring and combined" negligence is without merit.

A general statement of the law applicable to the present case is to be found in 5 Am. Jur. 588, §146, and 111 A.L.R. 1266. Some cases in point are *Friedman v. Hendler Creamery Co.*, 158 Md. 131, 148 Atl. 426; *Bea-*

com *v. Fraim,* 36 Del. 154 (6 W.W. Harr. 154), 172 Atl. 447; *Anderson v. Driverless Cars, Inc.,* 11 La. App. 515, 124 So. 312.

Judgment reversed and cause remanded with instructions to dismiss the complaint.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BOCK concur.