No. 15,234.

HANLON *v.* WOODHOUSE.
(160 P. [2d] 998)

Decided June 4, 1945.   Rehearing denied July 12, 1945.

Mr. FRANK L. GRANT, Mr. EARLE F. WINGREN, for plaintiff in error.

Messrs. DICKERSON, MORRISSEY, BROMLEY & ZARLENGO, Mr. DAVID ROSNER, for defendant in error.

*In Department.*

MR. JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFF Woodhouse recovered judgment for damages arising out of an automobile collision in the amount of $12,654.60 in a suit in which defendant Hanlon had filed a cross complaint in which he asked for damages in the sum of $24,800. Defendant, as plaintiff in error, seeks reversal of the judgment rendered against him. Reference will be made to the parties as they appeared in the trial court.

The collision occurred at approximately 2:15 a.m. Sunday morning, July 21, 1940, some 385 feet north of the line between Douglas and Arapahoe counties on highway 85 (four-lane at that point) between Denver and Colorado Springs. The weather was clear at the time of the accident. Plaintiff, southbound, was returning alone from Denver, where he had spent the evening with friends at a dance, to his home in Sedalia. Defendant, with his fiance and two men in his car, was returning from a resort on the Jarre Canon road west of Sedalia to Denver at the time of the collision, and defendant was driving. Defendant's fiance and one of the men accompanying him were killed as the result of the collision. Both plaintiff and defendant were severely injured, and each lost six teeth in the accident. Both cars were wrecked. In the glove compartment of each car was a bottle of whiskey—that in plaintiff's car being nearly full, that of defendant containing a little less. The cars collided somewhat west of the center line of the road, plaintiff being on his right side of the highway as he was proceeding southward.

One of the defendant's four specifications of error

is based on the trial court's instruction No. 8 to the jury, given over his objection. That instruction reads as follows: "The court instructs the jury that if you find from the evidence that the plaintiff, Woodhouse, was in any degree negligent and which negligence contributed to the accident, then he cannot recover; but if you further find from the evidence that the plaintiff Woodhouse was on his right side of the road, then there is no contributory negligence on the part of the plaintiff Woodhouse."

Defendant's answer alleged, inter alia, that plaintiff at the time of the accident, "was under the influence of intoxicating liquor, and with a wanton and willful disregard of the rights and safety of others, and particularly of this defendant, negligently and carelessly managed, manipulated and controlled his said automobile, and that by reason of such wanton and willful disregard of the rights and safety of others, and particularly of this defendant, and such carelessness and negligence and without any fault on the part of the defendant, drove his said automobile head-on into the automobile of the defendant with such force and violence that * * * " etc.

Defendant introduced in evidence the depositions of Mr. and Mrs. Derrick, which in substance were to the effect that they were following plaintiff's car the morning of the accident from Littleton on their way to see the sunrise from Pikes Peak; that his car was going over sixty miles an hour, and between Littleton and the place of the accident that it "was weaving from one side of the road to the other, continuously." Defendant's explanation for being on the west side of the center line was that plaintiff's car bore down on him on the east side and he crossed to the west side to avoid it.

Instruction No. 5 given by the trial court reads as follows: "The jury are instructed that if you find from the evidence that the defendant's car was on the left of the center of the highway and that the collision with

plaintiff's car was caused by the failure of the defendant to keep to the right of the highway and that if you further find that the driver of plaintiff's car was exercising due care and caution immediately preceding the accident, then your verdict should be for the plaintiff."

Counsel for defendant argue that in view of the foregoing circumstances instruction No. 8 was erroneous and highly prejudicial to defendant; that it was contradictory to, and could not be cured by other instructions; and that, inasmuch as the evidence was undisputed that defendant was west of the center line at the time of the collision, the effect was to direct the jury to return a verdict for the plaintiff. Counsel for plaintiff argue that instruction No. 8 was proper, and rely upon *Barsch v. Hammond,* 110 Colo. 441, 135 P. (2d) 519; *Hertz Driv-Ur-Self System, Inc. v. Hendrickson,* 109 Colo. 1, 121 P. (2d) 483.

In neither of the latter cases do we find an instruction going to the extent of the one under discussion, nor do we believe that the principle involved in either supports, or is authority for, instruction No. 8 given in the instant case.

On the other hand, we think the effect of instruction No. 8 is, as urged by defendant, to take from the deliberation of the jury the question of any contributory negligence, and consequently it is in conflict with instruction No. 5.

■■ We held, as stated in the syllabus in *Fox Colorado Theater Co. v. Zipprodt,* 89 Colo. 446, 3 P. (2d) 798, that, "Where instructions given by the court are conflicting and the reviewing court is unable to say which of such instructions guided the jury in its deliberations, the verdict cannot be upheld."

We also have held, as expressed in the syllabus in *McRae v. People,* 101 Colo. 155, 71 P. (2d) 1042, that, "Error committed in the giving of an erroneous instruction is not cured by the giving of another instruction on the same proposition which correctly states the law."

See, also, *Towles v. Meador,* 84 Colo. 547, 272 Pac. 625. This rule seems to be sound for although, as may be said in this case, there is evidence to support the verdict upon the proper instruction we cannot speculate as to which instruction the jury followed; if the verdict is based on the improper instruction, then prejudicial error has been committed and the judgment should not be upheld.

The Arkansas Supreme Court commented on a similar situation in *Riceland Petroleum Co. v. Moore,* 178 Ark. 599, 12 S.W. (2d) 415, in these words: "Appellant insists that instruction numbered 3 * * * permits a recovery upon the mere finding that the collision occurred while Campbell was over on the left side of the road, and we think the instruction is open to this objection, and that it is erroneous in this respect." As that court elsewhere in the same opinion remarked, "In this connection, it should be said that, if appellee was guilty of negligence causing or contributing to his injury, he cannot recover."

■ Collateral to this point, it should be noted that counsel for defendant also specify error in that an instruction, setting forth that under our Colorado rule there are no degrees of negligence, was tendered and refused. We believe the first sentence of instruction No. 8, standing alone, dispenses with the need of such a tendered instruction, and indicates that any degree of negligence on the part of plaintiff would bar his recovery; but the latter part of the instruction, stating that the location of defendant's car on the west side of the road automatically absolves the plaintiff of any negligence, nullifies the effect of the first part, and entitled defendant to an instruction such as was tendered.

■ Defendant's counsel also specify error in that the trial court admitted the testimony of Dr. Messenheimer, who assisted in caring for defendant at the Colorado General Hospital after the accident. Defendant was in an unconscious condition when brought to the

hospital. Dr. Messenheimer, who was on duty, was requested by a public officer "to take a blood sample to be tested for blood alcohol." The doctor thereupon removed from a vein of one of defendant's arms 10 c.c. of blood which he turned over to the laboratory for analysis. His testimony at the trial, as well as the testimony of the laboratory technician, was to the effect that the analysis showed sufficient blood alcohol to cause a state of drunkenness in the average person. Counsel for defendant objected to this testimony on the ground that it was a privileged communication between patient and physician. Our pertinent statute reads: "There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person shall not be examined as a witness in the following cases * * * ": Fourth—A physician or surgeon duly authorized to practice his profession under the laws of this state, or any other state, shall not, without the consent of his patient, be examined as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient; * * *" '35 C.S.A., vol. 4, c. 177, §9. We believe that the trial court properly allowed the introduction of this testimony under the principle laid down in our decisions in *Cook v. People*, 60 Colo. 263, 153 Pac. 214, and *Continental Inv. Co. v. Garcher*, 83 Colo. 239, 264 Pac. 723. In both of those cases the evidence to which objection was made was allowed to be introduced for the reason that there was no showing in either case that the information obtained by the physician was necessary to enable him to prescribe or act for the patient. In the instant case, the physician did, in fact, administer first aid to defendant, but the bill submitted by the hospital for services rendered to defendant, although carefully itemized, did not include any charge for the services of a physician. There is no showing that the running of the alcohol test was in any degree necessary to enable the physi-

510

cian properly to treat defendant after the accident. In fact, the record affirmatively shows that the test was procured by the physician because of, and in obedience to, a request from a public officer. Although we are reversing this case for reasons heretofore given, we approve the action of the trial court in admitting the testimony of the physician, and here make comment so that in the event of a retrial there can be no question as to our position on this point.

Judgment reversed.

MR. CHIEF JUSTICE BAKKE and MR. JUSTICE KNOUS concur.

*On Petition for Rehearing.*

MR. JUSTICE JACKSON.

In their petition for rehearing counsel for plaintiff suggest that we misapprehended their argument when we stated in our opinion that, "counsel for plaintiff argue that instruction No. 8 was proper, and rely upon *Barsch v. Hammond,* 110 Colo. 441, 135 P. (2d) 519, and *Hertz Driv-Ur-Self System v. Hendrickson,* 109 Colo. 1, 121 P. (2d) 483." They state that those two cases were cited solely to support the proposition that negligence which is not a proximate cause of an injury is not actionable and were in answer to defendant's argument that plaintiff was guilty of acts of contributory negligence, and that instruction No. 8 removed these acts from the jury's consideration. Counsel then reiterate the statement which they made in their answer brief: "The only duty of the court is to instruct the jury as to the law in so far as it pertains to the case. In this case, if the defendant was driving on his side of the road, then he could not be guilty of contributory negligence, for the defendant did not contend and the evidence did not show, that he was guilty of any other act of negligence."

We disagree with counsel on both of these points, for

we believe that defendant's pleading does allege that plaintiff was guilty of other acts of negligence and, as already stated in our opinion, there was evidence introduced to support that allegation. The error of instruction No. 8 is, that the jury was compelled to disregard that evidence if they found that plaintiff Woodhouse was on his right side of the road at the time of the collision. On the latter point, there was no contention that he was not. By insisting that *Barsch v. Hammond, supra,* and *Hertz-Driv-Ur-Self System v. Hendrickson, supra,* were not offered in direct support of instruction No. 8, counsel leave no authority to support their position that instruction No. 8 is a proper one.

The petition for rehearing is denied.