**W. P. COLLINS**

v.

**Dr. Lee HOWARD, Sr., et al., d/b/a Howard Clinical Laboratory and the St. Joseph's Hospital, Inc.**

Civ. A. No. 937.

United States District Court
S. D. Georgia,
Savannah Division.

Nov. 11, 1957.

Harry P. Anestos, Savannah, Ga., James P. Mozingo, III, Darlington, S. C., for plaintiff, W. P. Collins.

Bouhan, Lawrence, Williams & Levy, Savannah, Ga., Kirk McAlpin, Savannah, Ga., of counsel, for defendants Dr. Lee Howard, Sr., and Dr. Lee Howard, Jr., Miller and Meyer, d/b/a Howard Clinical Laboratory.

Connerat, Dunn, Hunter, Cubbedge & Houlihan, Savannah, Ga., Malcolm Maclean, Savannah, Ga., of counsel, for defendant St. Joseph's Hospital, Inc.

SCARLETT, District Judge.

This is an action in three counts for $60,000 against the defendants based on a blood test that was made in the early hours of Christmas morning, 1955.

This cause is presently before the Court on the defendants' motions to dismiss plaintiff's complaint on the grounds that it does not state a claim against the defendants upon which relief can be granted.

A motion to dismiss was filed on behalf of St. Joseph's Hospital, Inc., and another by those individuals named in the complaint, doing business as Howard Clinical Laboratory.

The complaint was brought in three counts. The plaintiff, W. P. Collins, alleges that on December 25, 1955, he appeared at the St. Joseph's Hospital, where a blood sample was taken from him by one of the nurses on duty. It does not appear that this was done without plaintiff's consent.

He also says that the blood sample was transferred from the hospital to the Howard Clinical Laboratory and analyzed for alcohol content. He claims that he did not give the defendants any authority to disclose to the Atlantic Coast Line Railroad Company, his employer, or to any one else the results of the analysis. He contends that the defendants wrongfully disclosed the report of the analysis to his employer, which caused the plaintiff's dismissal from his job. He says that his relation with the defendants was a confidential one, and alleges that by the wrongful disclosure of the report to his employer, he has been damaged in the sum of $60,000.

Plaintiff's three counts are predicated on: (1) That there was a confidential relationship between the plaintiff and the defendants, and the defendants were without authority to disclose to his employer the results of the analysis; (2) That the defendants committed libel and slander against the plaintiff; and (3) That the defendants wrongfully interfered with the contractual relationship existing between plaintiff and his employer, causing plaintiff's dismissal.

The motions to dismiss of the defendants are directed to the complaint in its entirety, including all three counts.

The second count for libel and slander is barred by the Statute of Limitations (Georgia Code, § 3-1004), the action not having been brought within one year after the right of action accrued. This was admitted and stipulated by plaintiff's counsel of record at the time of the hearing on this motion.

The motions to dismiss pose two main questions: (1) Was there a confidential relationship under Georgia law between plaintiff and the defendants so that a patient-physician privilege existed, which prohibited a disclosure of results of a blood test by the defendants to the plaintiff's employer? and (2) Did the complaint show that the defendants' disclosure to the plaintiff's employer was malicious and unjustified so as to interfere with plaintiff's contractual relationship with his employer?

The court, after hearing argument, reaches the following conclusions:

■■ 1. There is no confidential relationship between doctor and patient or hospital and patient in Georgia. The common law rule is followed and no statute has been enacted creating the relationship. 8 Wigmore, Evidence (3rd Ed. 1940), 802. In the absence of a statute providing for such privilege, none exists. Georgia Code, § 38–418 does not cover the relationship between physician and patient. In Elliott v. Georgia Power Company, 58 Ga.App. 151, at 154, 197 S.E. 914, 919, it was explicitly held:

"Confidential communications excluded from testimony by Code, § 38-418, do not include those made by a patient to his physician."

To the same effect is Trammell v. Atlantic Coach Company, 51 Ga.App. 705 at 707, 181 S.E. 315.

■■ Even if there were a relationship between physician and patient in Georgia, which there is not, the privilege cannot be invoked when no treatment of the person is given or contemplated. The taking of a blood sample to be analyzed for alcoholic content does not indicate that treatment is contemplated, but is rather in the nature of an examination which would not be privileged even under the statute. 8 Wigmore (3rd Ed.) § 2382, page 817. 41 American Jurisprudence 229.

The Court in Hanlon v. Woodhouse, 113 Colo. 504, 160 P.2d 998, 1001, said:

"There is no showing that the running of the alcohol test was in any degree necessary to enable the physician properly to treat defendant after the accident. In fact, the record affirmatively shows that the test was procured by the physician because of, and in obedience to, a request from a public officer. * * * We approve the action of the trial court in admitting the testimony of the physician * * *."

■ And where privilege is provided by statute, which is not done in Georgia, it does not extend to include nurses except in some instances where they are acting as agents or assistants to a regular physician. This is unlike the case at bar, where the nurse who took the blood sample was shown to be the agent of a hospital, and not the agent of a regular physician treating a patient.

■ While it is unnecessary to decide several of these issues, in view of the absence of a statute in Georgia providing for a confidential relationship between the patient and physician, nevertheless this Court is of the opinion that irrespective of such a statute, the complaint shows on its face that the plaintiff was not being treated by a physician, but rather was having an examination made: that the nurse who took the blood sample from the plaintiff was not the assistant or agent of a regular physician treating the plaintiff, all of which is further determinative that count one of the complaint is fatal in failing to show any confidential relationship or privilege between the plaintiff and defendants.

The defendants' motion to dismiss as to the plaintiff's first cause of action is hereby sustained.

■ 2. The plaintiff in open court conceded that the second count was without merit, being barred by the Statute of Limitations (Georgia Code, § 3–1004). I concur. Therefore, the defendants' motions to dismiss the second count are hereby sustained.

■ 3. There being a failure to show a confidential relationship between the plaintiff and the defendants, this in itself is probably sufficient to warrant the sustaining of the defendants' motions to dismiss the third count of the complaint. Moreover, Count Three fails in that a claim for relief is not stated against the defendants for their alleged wrongfulness in interfering with the plaintiff's contractual relationship with his employer, it not appearing that such alleged conduct on the part of defendants was maliciously done and without justifiable cause. Moore v. Roberts, 55 Ga.App. 268, 190 S.E. 41, and Ott v. Gandy, 66 Ga.App. 684, 19 S.E.2d 180,

Gunnels v. Atlanta Bar Association, 191 Ga. 366, 12 S.E.2d 602, 132 A.L.R. 1165, and Fairbanks, Morse & Co. v. Texas Electric Service, 5 Cir., 63 F.2d 702.

Furthermore, public policy dictates that persons who operate vehicles on the highways and railroad engineers must be amenable to reasonable examinations and tests to determine sobriety. Traffic fatalities are ever increasing, and if the taking of blood samples to be analyzed for alcohol content will act as a deterrent to the taking of human lives, then whether an individual's rights and privileges are slightly intruded upon becomes secondary to the rights of the public.

Further, in this case the Court is of the opinion public policy encourages the act of which plaintiff complains. The law of Georgia, like that of many other states, provides for a blood test for automobile drivers to determine whether or not they are intoxicated. Georgia Laws 1953 (Nov.-Dec. Session), page 576. Code, § 68-1625. If the Legislature is concerned about intoxicated automobile drivers, certainly they would be more concerned about intoxicated engineers who control a railroad passenger train.

As the Supreme Court said in Breithaupt v. Abram, 352 U.S. 432, 77 S.Ct. 408, 412, 1 L.Ed.2d 448; (Decided February 25, 1957):

"As against the right of an individual that his person be held inviolable, even against so slight an intrusion as is involved in applying a blood test of the kind to which millions of Americans submit as a matter of course nearly every day, must be set the interests of society in the scientific determination of intoxication, one of the great causes of the mortal hazards of the road. And the more so since the test likewise may establish innocence, thus affording protection against the treachery of judgment based on one or more of the senses."

See also State v. Alexander, 7 N.J. 585, 83 A.2d 441.

For the reasons set out above the Court concludes that the complaint should be dismissed.

Judgment will be entered in accordance with this opinion.