Paula Herzmark, Executive Director Department of Local Affairs 1313 Sherman Street, Room 518 Denver, CO 80203
Dear Ms. Herzmark:
This opinion letter is in response to your November 2, 1979 letter, in which you inquired about the applicability of the physician-patient privilege to communications with emergency medical technicians under certain specified conditions.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents two questions:
1. Where an emergency medical technician (EMT) arrives at the scene of an accident and in the course of preparing a complete patient background obtains information from the accident victim relating to the circumstances of the accident, particularly the use of alcohol or drugs, are such communications covered by the physician-patient privilege, C.R.S. 1973, 13-90-107(1)(d)?
My conclusion is "no."
2. Where law enforcement personnel who are acting as ambulance personnel or EMT's arrive at the scene of an accident and obtain information from the accident victim as described in question No. 1 above, are those communications covered by the physician-patient privilege, C.R.S. 1973, 13-90-107(1)(d)?
My conclusion is "no."
ANALYSIS
In responding to this inquiry I have assumed the following additional factors which appear to be implicit in your question:
 (a) The EMT in question is not licensed in Colorado or elsewhere as a physician or surgeon;
 (b) At the time the information is received the EMT is not in the presence of, in direct communication with, or acting as the agent of, a physician or surgeon who is duly authorized to practice his profession pursuant to the laws of this state or any other state;
 (c) The EMT is certified in this state by the Department of Health pursuant to C.R.S. 1973, 25-3.5-101 et seq.; and
 (d) The information obtained by the EMT was obtained while attending the accident victim and was necessary to enable the EMT to prescribe or act for the patient.[1]
Based upon the above question and assumptions, it is my conclusion that information obtained by an EMT under the circumstances described above is not covered by the physician-patient privilege in Colorado.
It should be noted that the physician-patient privilege in Colorado is limited by statutory language to certain communications between a patient and "a physician or surgeon duly authorized to practice his profession pursuant to the laws of this state or any other state . . ." C.R.S. 1973, 13-90-107(1)(d), as amended. It is my opinion that the privilege does not extend to communications with persons not so licensed or authorized, such as EMT's, under the circumstances described above.
In responding to your second question I have assumed the following additional factors:
 (a) The law enforcement officer in question is not licensed in Colorado or elsewhere as a physician or surgeon;
 (b) At the time the information is obtained, the law enforcement officer is not in the presence of, in direct communication with, or acting as the agent of, a physician or surgeon who is duly authorized to practice his profession pursuant to the laws of this state or any other state;
 (c) The law enforcement officer is certified in this state by the Department of Health as an EMT pursuant to C.R.S. 1973, 25-3.5-101 et seq. or is properly acting solely as an ambulance driver pursuant to that statute; and
 (d) The information obtained by the law enforcement officer was obtained while attending the accident victim and was necessary to enable the treating person to prescribe or act for the patient.[2]
Based upon your second inquiry and the above-listed assumptions, it is my conclusion that the information obtained by a law enforcement officer under the circumstances described above is not covered by the physician-patient privilege in Colorado.
Emergency medical technicians are certified in Colorado by the Department of Health pursuant to C.R.S. 1973, 25-3.5-101 etseq. and are permitted to perform emergency medical services as specified in rules and regulations adopted by the Colorado State Board of Medical Examiners pursuant to C.R.S. 1973,25-3.5-203. See 3 CCR 713-2.
It is therefore obvious that an emergency medical technician holding only an EMT certificate or certificates is not a "physician or surgeon duly authorized to practice his profession". Instead, the EMT is practicing a limited field of the healing arts pursuant to specific statutory authority to do so. See Colorado Chiropractic Assn. v. State,171 Colo. 395, 467 P.2d 795 (1970).
Further, it should be noted that EMT's, pursuant to rules and regulations currently in effect and based upon their training and certificates, have authority to perform numerous emergency medical services without direct consultation with a licensed physician. See 3 CCR 713-2, rules 4 and 5.
Similarly, an ambulance driver acting solely as such and not certified as an EMT or otherwise licensed in a limited field of the healing arts is also governed by the Colorado Emergency Medical Services Act, C.R.S. 1973, 25-3.5-101 et seq., and not by the Medical Practice Act. Such an individual is therefore not a "physician or surgeon duly authorized to practice his profession" and may perform various actions independent of a physician or surgeon.
As noted previously, the physician-patient privilege in Colorado is a statutory one. C.R.S. 1973, 13-90-107(1)(d), as amended, provides in pertinent part that:
 A physician or surgeon duly authorized to practice his profession pursuant to the laws of this state or any other state shall not be examined without the consent of his patient as to any information acquired in attending the patient, which was necessary to enable him to prescribe or act for the patient. . . .
 The statute by its own terms clearly requires, inter alia: (a) That the consultation be obtained in the process of attending the patient; and
 (b) That the information obtained is necessary for prescribing or acting for the patient.
By the terms of your questions and the factors I have assumed in responding to them, these two elements of the statute are satisfied in this case.
The statute also requires, however, that the communications be with "a physician or surgeon duly authorized to practice his profession . . .". C.R.S. 1973, 13-90-107(1)(d) does not include any reference to practitioners of limited fields of the healing arts or unlicensed persons and has been specifically construed by the Colorado Supreme Court to exclude nurses and medical technicians, under circumstances indicating the nurse and technician were acting independent of, and not as agents for, a physician. Block v. People, 125 Colo. 36, 240 P.2d 512
(1952), cert. denied, 343 U.S. 978,rehearing denied, 344 U.S. 848.
Since, under the circumstances described above, the EMT or ambulance driver is similarly acting independently of a physician, it is my opinion that the physician-patient privilege does not apply to the patient communications described above.
My opinion in this matter is based on several factors. The Colorado Supreme Court has recently emphasized that the physician-patient privilege is in derogation of the common law.Community Hospital Assn. v. District Court, 570 P.2d 243
(Colo. 1977). As such, the statute must be strictly construed in favor of the admissibility of evidence and to further the policy of permitting relevant and pertinent facts to be considered by the trier of fact in the interests of justice. Quinn, supra 1/; 8 Wigmore,Evidence, section 2380 (McNaughton Rev. 1961).
In addition, the appellate courts in Colorado have historically interpreted the physician-patient privilege narrowly.See, for example, Hanlon v. Woodhouse,113 Colo. 504, 160 P.2d 998 (1945) and Cook v. People,60 Colo. 263, 153 P. 214 (1915).
In Woodmen of the World v. Loeher, 17 Colo. App. 247,68 P. 136 (1902), the Colorado Court of Appeals had occasion to interpret a prior version of the statute, making the physician-patient privilege applicable to physicians "licensed in this state". The court held that communications otherwise fulfilling the requirements of the statute were not privileged where the physician in question was not licensed in Colorado and treated the patient in another state. The court reasoned that the statute should not be judicially extended beyond its literal meaning and suggested that the proper remedy was with the legislature. The court contrasted the physician-patient privilege section of the statute with the attorney-client privilege section, noting that the latter section did not contain a Colorado licensure limitation. The court concluded that the legislature must be presumed to have intended this distinction between the two privilege sections.
In this regard, it should be noted that a distinction continues to exist between the attorney-client and the physician-patient sections of the privilege statute. The former section includes within the privilege the attorney's "secretary, stenographer or clerk", C.R.S. 1973, 13-90-107(1)(b), while the physician-patient section contains no reference to unlicensed individuals or individuals practicing in a limited field of the healing arts. Further, C.R.S. 1973, 13-90-107 does contain a section expressly designating certified psychologist-patient communications as privileged, and, again, including the psychologist's "secretary, stenographer, and clerk" within the privilege. C.R.S. 1973,13-90-107(1)(g).
The conclusion to be drawn from these statutory distinctions and from the express extension of the privilege beyond physicians to only one of the many limited fields of the healing arts, is that the physician-patient privilege cannot be extended to include communications between patients and EMT's or ambulance drivers, under the circumstances described above.
It is also worth noting that the physician-patient privilege has been construed in other jurisdictions to exclude communications with practitioners of limited fields of the healing arts, acting independently. See People v. DeFrance,104 Mich. 563, 62 N.W. 709 (1895) (dentists not covered by privilege statute); Green v. Superior Court, 220 Cal.App.2d 121,33 Cal.Rptr. 604 (1963) (pharmacists not covered);S.H. Kress and Co. v. Sharp, 156 Miss. 693, 126 So. 650
(1930) (chiropractors not covered).
SUMMARY
To briefly summarize my opinion, information obtained by EMT's and law enforcement personnel acting as EMT's or ambulance drivers under the circumstances described above is not covered by the physician-patient privilege in Colorado.
Very truly yours,
 J.D. MacFarlane Attorney General
PRIVILEGED INFORMATION EMERGENCY MEDICAL PRACTITIONERS, LIMITED AMBULANCE SERVICE
C.R.S. 1973, 13-90-107(1)(d) C.R.S. 1973, 25-3.5-101, et seq.
LOCAL AFFAIRS, DEPT. OF Administration
Information obtained by emergency medical technicians (EMT'S) and law enforcement officers acting as EMT'S or ambulance drivers is generally not covered by the physician-patient privilege.
[1] This assumption has been made for the sake of simplicity and does not affect the outcome of this opinion. The question of whether information received while attending a patient is necessary for treatment is, in fact, subject to a case by case determination, and cannot be finally determined on the basis of the limited information supplied in your letter. See
Quinn, The Physician-Patient Privilege Colorado, 37 U. Colo. L. Rev. 349, 356-358 (1965). However, it does seem likely that information concerning recent intake of drugs or alcohol often will be necessary in determining how to treat an accident victim and particularly in determining what medications will be safe to administer.
[2] See footnote number 1.