[No. 6334.]

THE ROSS MINING AND MILLING COMPANY v. SETHMAN.

1. Appeals—General Judgment on Several Counts—Presumptions—Where the plaintiff, declaring in three counts, prevails, and the findings and judgment are general, not disclosing what amount is awarded in respect of either count, the absence of evidence to sustain one of the counts will not be fatal, if there is competent and sufficient evidence to support the judgment under the other counts.—(35)

2. ——Harmless Error—And in such case the admission of incompetent evidence as to the unsupported count will not reverse.—(35)

3. ——Findings on Conflicting Evidence, sufficient and competent, will not be reviewed.—(37)

*Appeal from Denver District Court.* — Hon. GREELEY W. WHITFORD, Judge.

Messrs. GOUDY & TWITCHELL, Mr. C. H. REDMOND and Mr. E. W. SMITH for appellant.

Mr. C. H. PIERCE for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This suit was brought by the appellee to recover $2,700.00 and interest. The complaint includes three

3

causes of .action:  The first pertains to the alleged employment of the appellee by the appellant company for the purpose of making a metallurgical examination and analysis of the ores of certain mining properties; $1,000.00 was claimed for such services. The .second cause of action pertains to the employment of one John W. Bucher, a mining engineer, wherein it is claimed there was owing him from the appellant $200.00, which claim had been assigned to the appellee.  In the third cause of action, the appellee alleged his employment by the appellant for the purpose of remodeling, repairing, and placing in proper condition the plant and property known as the Kendrick and Gelder Smelter, located in San Juan County, Colorado; that the appellee agreed that he would furnish certain materials, repair said smelter, and put the same in running order, so that ores could be smelted and treated, for a consideration of $3,000.00, which the appellant agreed to pay him therefor; that he had complied with said agreement in all respects, and that at all times he was willing to perform the same, and that his failure, if any, to comply with said agreement, was on account of the failure, refusal, negligence and delinquency of the appellant company; that appellant had paid $1,-500.00, and $1,500.00 more was due him thereon.

. Issues of facts were made by answer, to which replications were filed.  Trial was to the court, which made findings in favor of the appellee, upon which judgment was entered in the sum of $2,200.00, from which this appeal has been prosecuted.

The assignments of error pertaining to the first cause of action have been abandoned, pertaining to which it is stated by the appellant, in its printed brief, "that the evidence was conflicting," and, under the rule so frequently announced, counsel concede we would not disturb such findings.

It is claimed that there was no competent evidence to sustain a finding for the appellee upon the second cause of action, and that there was manifest error in the admission of evidence pertaining to it. It will be unnecessary to consider either; for aught that appears in the record, the court may have ignored the second cause of action and made the total of its judgment upon the first and third.   The appellee claimed $1,000.00 upon his first, $200.00 upon his second, and $1,500.00 upon his third cause of action.   The judgment was for $2,200.00, $500.00 less than the amount claimed.   There were no findings, nor was a request made for findings of the amounts due upon each cause of action.   In this state of the record we cannot say that anything was allowed upon the second cause of action, and if there is competent evidence upon the first and third causes of action sufficient to sustain the judgment, it should not be reversed, even though there may have been error in the admission of evidence pertaining to the second cause of action, or if there was insufficient competent evidence to sustain it.—*Rollins v. Commissioners,* 15 Colo. 103; *Witkowski v. Hill,* 17 Colo. 372; *Jordan v. Greig,* 33 Colo. 360.

The principal error urged against the third cause of action is that it is not supported by the evidence.   This claim was presented by the appellee upon the theory that he had an oral contract with the appellant to repair a certain smelter and place it in condition so that it would be ready to operate, and, when ready, he would test it; that the price was to be $3,000.00, to be paid in advance when the work was started; that the appellee substantially performed his contract; that, in this particular anywhere wherein there was no performance, such non-performance was either in minor details or in matters in which the performance was waived or pre-

vented by the acts of the appellant. The evidence is
conflicting throughout. There is evidence to sup-
port the appellee's position, and likewise there is
evidence to support the appellant's contention, which
claimed the appellee did not comply with the contract
and that he had abandoned it, etc. The issue as to
whether or not there had been a substantial perform-
ance of the contract was clearly presented upon both
sides, and was so understood by the trial court, re-
ferring to which he stated: "I understand that the
complaint alleges performance, and the answer de-
nies it." We think the pleadings so present these
issues. According to the testimony of the appellee
and his witnesses, he complied with the conditions of
the contract except in some minor details, pertaining
to some matters which the officials of the appellant,
by their actions or words, waived performance of, or
prevented him from doing, and in connection with
these matters, the trial court must have taken them
into consideration and made deductions accordingly,
as shown by the judgment, which was considerably
less than the amount claimed.

Counsel have presented a very able and consist-
ent argument upon the law of non-compliance of con-
tracts, also pertaining to the law of damages recover-
able upon a counter-claim in such cases, and as they
claim they have here; in this respect they have cited
well-recognized authorities in support of their alleged
position. As we see it, the difficulty is, that they
deduct their conclusions entirely from the evidence
introduced upon behalf of the appellant, and have
overlooked those that can be drawn from the evi-
dence of the appellee and his witnesses; but when
his side is taken into consideration with the well-
recognized rule adhered to here, that this conflict was
solely for the trial court to determine, and when ac-
cepting the evidence of the appellee as correct

(which the trial court evidently did), we are of the opinion that the judgment is not in conflict with any of the authorities quoted.

We have examined carefully and critically the voluminous record, including the testimony, but are unable to find anything further pertaining to the third cause of action for decision, other than questions of fact, all of which have been passed upon and determined by the trial court, and since there is testimony to support its findings, even if, in the opinion of this court, reasonable and just men might honestly and conscientiously differ as to the conclusions which might probably have been drawn from the evidence, it being the province and function of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony, the conclusions reached by him, under such conditions and circumstances, will not be disturbed. The judgment is affirmed.                *Affirmed.*

CHIEF JUSTICE CAMPBELL and MR. JUSTICE GABBERT concur.