## No. 12,909.

### Fox Colorado Theater Company *v.* Zipprodt.
(3 P. [2d] 798)

Decided September 28, 1931.

Mr. Wm. E. Hutton, Mr. B. B. McCay, Mr. John L. East, for plaintiff in error.

Mr. George H. Blickhahn, for defendant in error.

*In Department.*

Mr. Justice Alter delivered the opinion of the court.

Anita Zipprodt, an infant, by Arthur M. Zipprodt, her father and next friend, hereinafter referred to as plain-

tiff, brought an action against the Fox Colorado Theatre Company, a corporation, hereinafter referred to as defendant, to recover damages for certain personal injuries sustained by reason of the alleged negligence of defendant. Defendant, for a first defense, denied negligence; for its second defense, alleged contributory negligence, and, for its third defense, alleged negligence on the part of others over whom the defendant had no control. The replication denied all new matter alleged in the answer and its various defenses. The jury returned its verdict for plaintiff; defendant's motion for a new trial was denied, and judgment rendered on the verdict. Defendant prosecutes this writ, seeks a supersedeas, and assigns various errors, the consideration of only one of which we deem necessary.

 Instruction No. 3½ given by the court, over the specific objection of the defendant hereinafter noted, and exception thereto, reads as follows:

"You are further instructed that it was incumbent upon the defendant to use reasonable care in providing a place whereat and whereon the plaintiff had been invited to dance or give a public exhibition, and if defendant failed to use reasonable care in providing such a place, then you should find the issues herein joined for the plaintiff;

"You are further instructed that reasonable care is that degree of care which an ordinarily prudent person would exercise under similar circumstances, taking into consideration the dangers to be apprehended and guarded against."

The defendant interposed a timely objection to the giving of instruction No. 3½, the portion thereof necessary for consideration herein reading as follows: "* * * because said portion of instruction No. 3½ instructs the jury to find the issues for the plaintiff upon failure of defendant to use reasonable care irrespective of the question as to whether the negligence of the defendant was the proximate cause of plaintiff's injuries or whether or

448

not plaintiff was guilty of contributory negligence. And defendant objects and excepts to that portion of instruction No. 3½ to the effect that 'if defendant failed to use reasonable care in providing such a place, then you should find the issues herein joined for the plaintiff,' and objects and excepts to the failure to include in said instruction a statement that such negligence must be a proximate cause of the injury and there must be absence of contributory negligence in order that the issues be found for the plaintiff.''

There were other instructions given by the court upon the question of reasonable care and the liability of one for failure to exercise the same, but these other instructions were not in harmony with instruction No. 3½. In this state of the record we are unable to say which instruction guided the jury in its deliberation. The record contains no instruction to the effect that no one of them contains all of the law applicable to the case, but that they must be taken, read and considered together because they are related and connected to each other as a whole. This court has had occasion many times to review instructions in negligence cases, and we again suggest the advisability and propriety of giving instructions which have been approved.

The objection to instruction No. 3½ was good and it was error to overrule it.

█ We have examined the entire record, and, in view of the possibility of a retrial, suggest that counsel, in their arguments, confine themselves to the evidence in the case, and reasonable and legitimate inferences to be drawn therefrom. We do not wish, by our silence, to be understood as putting our stamp of approval on other instructions given in this case.

Judgment reversed, and the cause remanded to the trial court, with instructions to proceed in harmony herewith.

Mr. Chief Justice Adams, Mr. Justice Campbell and Mr. Justice Hilliard concur.