# No. 16,887.

## GORDON *v.* CLOTSWORTHY.
(257 P. [2d] 410)

Decided April 20, 1953.

Messrs. McDougal & Klingsmith, for plaintiff in error.

Mr. Thomas N. Burgess, Mr. Kenneth W. Geddes, for defendant in error.

*En Banc.*

Mr. Justice Bradfield delivered the opinion of the court.

The parties are here in the same order as they appeared in the trial court, where plaintiff in error was plaintiff and defendant in error was defendant.

Plaintiff brought suit against defendant for $25,000.00 damages for injuries sustained by her, allegedly resulting from defendant's negligence. Plaintiff, fifty-eight years old, was employed by defendant for services in her home and furnished with living quarters directly connected with the home. During the course of plaintiff's employment, defendant had her floors waxed by an experienced contractor hired therefor, at which time the stairs, top landing and an adjoining one-step down upper hallway leading to plaintiff's living quarters, were waxed and highly polished, allegedly rendering them slippery and dangerous for loose floor rugs thereon where inadequately padded underneath.

Immediately after said waxing and polishing, plaintiff informed defendant that the loose rugs thereon were dangerous, due to inadequate padding, but defendant failed to do anything about it, and plaintiff did not again call the matter to her attention. Plaintiff knew of the allegedly dangerous condition, and herself removed the rugs before the waxing and polishing, then after same, though not requested so to do, relaid them,

and continued to use the stairway, top landing and upper hallway with the rugs thereon until the injury of which complaint is made occurred, always using extreme care and caution while thereon because she know of the condition of the floors.

Some four weeks after said waxing and polishing, and while carrying defendant's ironed clothes, she walked along the upper hallway to the top landing, stepped up and took two steps thereon toward the stairway, then turned back and in so doing her right foot caught the corner of the Navajo rug on the top landing, skidded off of the step down onto an oval rug in the upper hallway, pushing it up to the padding underneath, and thereby she was thrown off balance, and fell, with her weight on her left ankle, fracturing two, and possibly three, metatarsal bones, bruising her right knee and limb, causing her pain and suffering, medical and hospital expenses, loss of wages, and alleged twenty per cent permanent disability, requiring future medical expenses, all to her damage.

Plaintiff testified that in her opinion a proper padding underneath the oval rug in the upper hallway would have prevented her from slipping and the fall which resulted in her injuries. Her contention is that defendant's waxing and highly polishing said hardwood floors and her failure to provide proper pads under the throw rugs was negligence. Defendant denied any and all negligence.

The case was tried to a jury. At the conclusion of plaintiff's case, on defendant's motion, the trial court directed a verdict for defendant and dismissed plaintiff's case on the ground that plaintiff's evidence failed to show any negligence on the part of defendant. The case is presented here by writ of error to review the court's granting of defendant's motion for a directed verdict and the awarding of judgment accordingly.

It is the duty of an employer to exercise ordinary care in seeing that the employee is provided with

a reasonably safe place in which to work. *Burnside v. Peterson,* 43 Colo. 382, 386, 96 Pac. 256. But the employer is not an insurer of the safety of the employee. *Grant v. Varney,* 21 Colo. 329, 40 Pac. 771. To be liable, the defendant in this case must be shown to have been negligent in some act or omission which proximately caused plaintiff's injury. The burden of proof of negligence rests upon the party who asserts it, and such burden cannot rest on surmise, speculation or conjecture, but must be grounded on substantial evidence. *Coakley v. Hayes,* 121 Colo. 303, 306, 215 P. (2d) 901.

In its ruling, the trial court considered only the evidence in its relation to defendant's negligence. In the absence of negligence on the part of defendant, the defenses of contributory negligence and of assumption of risk by plaintiff are not here involved, and the cases cited by plaintiff's counsel thereon are not applicable.

■ For the purpose of the motion for a directed verdict, plaintiff is entitled to the most favorable construction that can be given to her evidence; and if under her evidence reasonable minds might reach different conclusions, then the case should be submitted to the jury. *Arps v. Denver,* 82 Colo. 189, 198, 257 Pac. 1094. But where the evidence is not in dispute and fails to show an act or omission constituting negligence, the issue becomes a question of law and the court should direct a verdict.

■ Defendant was chargeable only with ordinary care to furnish a reasonably safe place for plaintiff to work. There is no substantial dispute as to the material facts. The maintenance of waxed, highly polished hardwood floors, with loose throw rugs thereon, partly padded underneath, by itself, as a matter of law, does not constitute negligence. *Nelson v. Smeltzer,* 221 Ia. 972, 265, N.W. 924; *Brown v. Davenport Holding Co.,* 134 Neb. 455, 279 N.W. 161, 162. The evidence disclosed no unusual circumstances or conditions, no latent or hidden defects. Plaintiff had full knowledge of the existing

conditions. The undisputed evidence in its best light for plaintiff was insufficient to establish negligence on the part of the defendant.

The judgment is affirmed.