No. 17,090.

YOCKEY TRUCKING COMPANY, INC. ET AL. *v.* HANDY.

(262 P. [2d] 930)

Decided November 2, 1953.   Rehearing denied November 23, 1953.

Mr. MYRON H. BURNETT, for plaintiffs in error.

Mr. H. W. SEAMAN, Mr. CONRAD L. BALL, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

THE parties are here in reverse order of their appearance in the trial court. We will refer to the parties as they there appeared, or to Yockey Trucking Company, Inc., as Yockey, and to the driver of its truck as Bowker. Defendant in error will be referred to as plaintiff.

Plaintiff's complaint was in two counts; the first to recover damages for the wrongful death of her husband, Ramon B. Handy, who was killed in an accident involving plaintiff's Chevrolet Sedan and a cattle truck owned by defendant Yockey, and operated by its employe, Bowker; the second count was to recover damages to the Chevrolet automobile sustained in the accident. Plaintiff charged as acts of negligence on the part of defendants that they stopped the tractor-truck in the nighttime on a traveled portion of the highway without placing flares to warn others using the highway, and without giving warning of the presence of said truck on the highway; in backing said truck on to a public highway from a private driveway without taking due precautions to warn others on the road, and in operating said truck in such a manner as to create a dangerous and hazardous condition on a public highway.

Defendants, by their answer, denied negligence on their part and alleged that Ramon B. Handy was guilty of contributory negligence; that the proximate cause of Mr. Handy's death and the damage to plaintiff's car was the sole negligence of Ramon B. Handy. The issues were tried to a jury and its verdict returned in favor of plaintiff against defendants for $11,131. From the judgment entered on the verdict the defendants bring the cause here for review by writ of error.

The record discloses that at about 6:20 P.M. on February 26, 1952 Ramon B. Handy, deceased husband of plaintiff, was driving a Chevrolet automobile, belonging to his wife, in an easterly direction on U. S. Highway No. 34, some five miles from the town of Loveland, Colorado. This highway is about 37 feet wide, including the shoulders of the road, at the place where the accident occurred. Bowker was the driver and operator of a transport tractor and trailer belonging to Yockey. The tractor and trailer were fifty-nine feet in length. During the late afternoon of February 26, 1952 the transport was loaded with thirty-two head of cattle at the Schmer farm, and was backed north out of the driveway of that farm into and across Highway No. 34, which runs east and west between Loveland and Greeley, Colorado. Just prior to the accident in which Mr. Handy lost his life, the transport was being maneuvered across the highway in order to get it into position to proceed east on the highway. While the tractor was stopped, headed south, the rear-end of this equipment was about two feet south of the center of the highway. Mr. Handy was driving the Chevrolet easterly along the south half of the highway, and his auto collided with the rear part of the trailer. There was a three feet-four inch clearance between the bottom of the trailer and the highway. The Handy automobile passed through the three feet-four inch clearance underneath the trailer. The record discloses that the truck and trailer were equipped with the lights required by statute, which lights were burning, with the exception of a side marker light on the upper right-hand corner of the rear of the trailer, with which light the trailer was not equipped at the time of the accident. However, the only light on the trailer which was in the direct lane of the eastbound traffic was one rear light at the bottom of the side of the trailer. No other warning was given. Bowker had been engaged in his maneuvering to get the tractor and the trailer in position on the highway for some twelve or fifteen minutes prior to the collision, due to

the fact that the gateway into the Schmer farm was only fourteen and one-half feet wide. It appears in evidence that the Schmer property was a bad and dangerous place to get in and out, especially for long conveyances, and this was known to Bowker.

At the conclusion of plaintiff's evidence, defendants moved for a directed verdict and renewed the motion after defendants had presented their case. Rulings on those motions were reserved until after the verdict. In each instance counsel for Yockey contended that the evidence showed without conflict that Ramon B. Handy was guilty of contributory negligence as a matter of law, and that his negligence was the proximate cause of the accident, and that the negligence, if any, of Yockey and Bowker was a remote and not a proximate cause of the accident.

It is also contended by counsel for plaintiff in error that the trial court erred in giving the jury as part of Instruction No. 6, the following: "Chapter 16, Section 211. The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway."

The objection to this portion of the instruction urged by defendants' counsel is, not that it incorrectly states the law, but that it is not applicable to the facts in evidence. Counsel in his objection states that this section of the statute had "no application to any evidence in the case; that the evidence showed that the vehicle operated by defendants was not about to enter or cross the highway, but showed that the defendants' truck was standing on the highway at the time of the accident, had been moving on the highway for at least ten minutes before, and that the defendants' vehicle had entered the highway so long before the accident that the section with reference to right-of-way was inapplicable."

We perceive no prejudicial error in giving this portion of Instruction No. 6. It is admitted that the Yockey

equipment was entering the highway after being loaded on the Schmer farm, and the operator of the truck intended to use the highway to go to his destination. Whether he headed into the highway, or backed into it, he was still entering the highway. It definitely appears from the record that Bowker had no other means of entering the highway except to back his tractor and trailer into it, because there was no way he could turn the heavy equipment around on the Schmer farm.

In an operation such as the one under consideration, it was the duty of Bowker to take adequate precautions to warn others using the highway of the presence of his equipment on, or his intention to back it into, the highway. This he did not do.

The duty of a driver backing his automobile into a street or roadway is clearly set forth in *McBride v. Woods,* 124 Colo. 384, 238 P. (2d) 183.

It is urged by counsel for defendants that the extreme damage to the Chevrolet automobile as a result of the collision; its skid marks, and the testimony of the witness, Judson, resolved the case into a question of law, and that the trial court was by reason thereof in duty bound to direct a verdict for defendants because, as defendants' counsel contend, the proximate cause of the accident was the negligence of Mr. Handy. The tragedy occurred at a time when, as shown by the evidence, all automobiles traveling on this highway had their lights turned on. The lights of Mr. Handy's car were turned on at the time he met his death. The witness Judson was driving his car west along Highway No. 34 and passed back of the trailer, which was then across a part of the road. Judson was going toward the "circle" some 652 feet from the scene of the accident, and Mr. Handy had left the "circle" and was driving east on Highway No. 34. Judson said he passed the Handy car when he was from 800 to 1500 feet from the scene of the accident. He further testified that "it was his impression" that the

Handy car was traveling between 60 and 80 miles per hour. Judson did not go back to the scene of the accident after it occurred. When Judson saw the trailer on the highway he said he was "amazed" at the suddenness with which he came upon it.

Defendants produced witnesses in an attempt to show that the trailer was visible for a considerable distance. Plaintiff's evidence was to the effect that Mr. Handy left Loveland ten minutes before the accident. He traveled during that time some 5.4 miles, according to plaintiff's witnesses. This fact, together with a logical dispute regarding the ability of a witness to accurately or reasonably estimate the speed of an approaching vehicle, made the jury the sole evaluators of the testimony given by Judson. In Judson's testimony we find the following: "Q. And it (Mr. Handy's speed) could have been down as low as 55 couldn't it? A. When you start speaking in exact mileage there is nobody can tell." Another witness gave a version of what she saw, to the effect that she feared the Judson car might run into the Handy car, or that both automobiles might crash into the trailer standing across the road.

The trial court properly, and without objection, instructed the jury on negligence, contributory negligence and proximate cause. The jury determined that the defendants were negligent, and that their negligence was the proximate cause of this unfortunate accident. There is ample evidence in the record to support such a finding. It was for the jury to evaluate the evidence; determine the facts, and come to a conclusion based on the evidence and instructions in the case.

Had the trial judge determined as a matter of law that Mr. Handy was contributorily negligent, and that his negligence was the proximate cause of the accident he would, under the record as here presented, have invaded the province of the jury. *McCarthy v. Eddings,* 109 Colo. 526, 127 P. (2d) 883.

"In actions for negligence, the question of proximate

cause of the injury ordinarily is considered to be a question of fact for the jury or other trier of facts, or, as it is sometimes stated, it is a mixed question of law and fact for the jury; and this rule applies to the question of whether or not defendant's negligence or conduct, or whether plaintiff's or the injured person's negligence or conduct, as the case may be, was or was not the, or a, proximate cause of the injury." 65 C.J.S. 1183, §264.

■■ Here the question of proximate cause was a disputed matter of fact, and the determination of this question was for the jury. There was sufficient competent evidence to support the verdict and the judgment will not be disturbed, for we have consistently and repeatedly held that every inference fairly deducible from the evidence is drawn in favor of the judgment.

■ Where fair-minded persons may form different opinions and draw different conclusions or inferences, even from undisputed facts, the questions of negligence, contributory negligence and proximate cause are for determination by the jury.

We perceive no error in the record, and the judgment is affirmed.