No. 19,528.

ROBERT C. FARMER *v.* JOSEPH H. McCOLM.
(364 P. [2d] 1059)

Decided September 25, 1961.

Mr. RAY A. GUNNING, for plaintiff in error.

Messrs. WORMWOOD, O'DELL & WOLVINGTON, Mr. PAUL D. RENNER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THE primary issue to be determined on this writ of error is the propriety of an order of the trial court directing the jury in a personal injury action to return a verdict in favor of the defendant, one McColm. The plaintiff, Farmer, seeks reversal of the judgment of dismissal entered pursuant to the directed verdict. We now hold that the trial court erred in directing the jury to return a verdict for the defendant, such error necessitating reversal and a new trial consonant with the views herein expressed.

The pleadings are in the usual and accepted form: plaintiff alleges personal injuries, damage to his clothing and motor scooter, and impairment of "his ability to work," all as the direct result of defendant's negligence; defendant admits the impact between his automobile and plaintiff and his motor scooter, but denies negligence and countercharges with the affirmative accusation that plaintiff's damages, if any, were caused or contributed to by his own negligence, or, alternatively, from an unavoidable accident.

Upon trial the court after hearing all the evidence presented by both plaintiff and defendant directed the jury to return a verdict for the defendant. In justification of this action the trial court advanced two reasons: (1) the plaintiff himself was guilty of negligence as a matter of law, (2) the evidence was unclear as to whether plaintiff's injuries were the result of the impact between himself and the front end of defendant's car or resulted from his fall off the scooter and to the street,

which occurred moments before he was struck by the automobile driven by defendant.

 Whether a trial court in a given case involving the issues of negligence and contributory negligence should direct a verdict for either party, or submit such issues to a jury, is frequently a most vexing problem that has long plagued judges of nisi prius courts. The basic principles governing such a determination are of long standing and, to a degree, quite clear, though still partaking of a misty nature. So, for example, in *Stocker v. Newcomb*, 91 Colo. 479, 15 P. (2d) 975, we said: "It is settled in this state that in only the clearest of cases, when the facts are undisputed, and it is plain that *all intelligent men can draw but one inference from them, that the question of ordinary care is ever one of law for the court.*" (Emphasis supplied.) Frequently the trial court's concept of the "intelligent man" differs from that of the reviewing court. Be that as it may, the principal difficulty arises in applying these oft-repeated general principles to the particular and sometimes peculiar facts of a given case. Such is true in the instant case where a careful analysis of all the evidence is necessarily a condition precedent to determining the correctness of the action taken by the trial court.

 In reviewing this action of the trial court it is axiomatic that the evidence must be viewed in the light most favorable to the party against whom the verdict is directed. See *Gordon v. Clotsworthy*, 127 Colo. 377, 257 P. (2d) 410. If it be determined that there was no substantial evidence of a credible nature supporting the plaintiff's theory of the case, then the action of the trial court in directing a verdict for the defendant was correct. However, if there be such evidence which supports the plaintiff's theory of the case, even though contradicted by other evidence, then the matter should have been submitted to the jury and it was error to direct a verdict. See *Yockey Trucking Co. v. Handy*, 128 Colo. 404, 262 P. (2d) 930.

As is often the case, the testimony here most favorable to the plaintiff comes in the main from the plaintiff himself! In brief, Farmer testified that in broad daylight on a winter's morning he was proceeding on his motor scooter in a general northerly direction on a city street in Boulder. The street was snow packed and icy. Some distance ahead of him he saw what appeared to be the aftermath of an accident. Cars were pulled over to the curb, although they still partially blocked the street. A policeman and one of the drivers involved in the accident were standing in the street looking at the cars. Farmer stated that it was his distinct recollection that the officer held up his hand, and conveyed to him, at least, the definite idea that he should stop. Farmer further testified that in his best judgment the sudden application of his brakes would simply have caused him to go into a skid. Instead he cut off the throttle, the scooter tipped over and he fell to the snow-covered pavement some 36 feet from the officer. Plaintiff stated that he sustained no personal injuries in this fall and in this particular he generally sought to minimize the importance of the incident. A "substantial time" later, according to plaintiff, he and his motor scooter were struck from behind by the bumper of the car driven by defendant, and both he and his scooter were pushed or carried forward and deposited at the feet of the officer. The officer testified that he first "heard" and then saw the scooter topple over with Farmer and some "20 or 30 seconds" elapsed between the precise moment when Farmer fell to the pavement and the ensuing moment when he was struck by defendant. Measurements made by the officer indicated that defendant's car laid down 36 feet of skid before striking plaintiff and 36 feet of skid thereafter. Farmer recounted his personal injuries, all of which he claimed were caused by defendant and none of which, he was no doubt glad to relate, were caused by his initial fall to the street. In particular, plaintiff testified that the back of his head or neck was cut "from ear to ear"

by the sharp edge of the license plate fixed to the front bumper of defendant's car. The foregoing is a capsule presentation of the evidence favorable to the plaintiff.

■ We are satisfied that this evidence was sufficient to make the issue of contributory negligence a disputed one of fact properly to be resolved by the jury, and under the circumstances should not have been resolved by the trial court as a matter of law. Intelligent jurors might well differ in their opinion as to whether under all the circumstances plaintiff was negligent in the manner in which he attempted to stop his motor scooter when confronted with what he deemed was an emergent situation. Also, the officer's testimony that there was a "20 to 30 second" time interval between plaintiff's initial fall and the ensuing moment when he was struck by defendant, might cause reasonable minds to differ as to whether, even if plaintiff were negligent, such was a proximate cause of his injuries. Some intelligent jurors might reasonably conclude that plaintiff's negligence, if any, was spent and that the proximate cause of his injuries was the failure of the defendant to stop his car in time to avoid the accident.

■ The second ground upon which the trial court relied in directing a verdict for defendant is equally untenable. Under the circumstances of the case the questions of the extent of plaintiff's injuries and how they were caused were clearly for the jury to resolve. This is not a situation where there is doubt or speculation as to whether the defendant inflicted any injury to plaintiff. That plaintiff sustained some injury when struck by defendant's car and carried some 36 feet is a fact which cannot be denied. For example, there is certainly competent testimony that plaintiff suffered a cut of disputed proportions on his neck caused by violent contact with defendant's license plate. Once it is prima facie established that the defendant caused some damage to plaintiff, the fact that thereafter it may be difficult to determine the exact extent of the damage is not grounds for

44

directing a verdict in favor of the defendant. See *Westesen v. Olathe State Bank,* 75 Colo. 340, 225 Pac. 837, and *Julius Hyman & Co. v. Velsicól Corp.,* 123 Colo. 563, 233 P. (2d) 977.

█ Since a retrial of this action is necessary, one further matter should be resolved. Farmer claimed that as a result of defendant's negligence his "ability to work" was impaired. At trial he outlined the extent of his injuries and related the extent to which such injuries interfered with his ability to perform certain part-time work that he had been able to perform prior to the accident. In an effort to establish his damages in this regard he called his employer as a witness and attempted to prove by him the wages actually received for the two months immediately preceding the accident. Defendant without elaboration objected to this testimony and the trial court sustained the objection. Defendant does not seriously argue here that the exclusion of this proffered testimony was correct. Suffice it to say that its exclusion was error, it being otherwise competent and relevant to the issue of plaintiff's damages.

The judgment is reversed and the cause remanded with directions to grant a new trial consonant with the views expressed herein.

MR. CHIEF JUSTICE HALL and MR. JUSTICE DOYLE concur.