No. 21178.

MARY SUE KETTERING *v.* THE AMERICAN BUILDING MAIN-
TENANCE CO. OF OAKLAND, A CALIFORNIA CORPORATION.
(426 P.2d 974)

Decided May 1, 1967.

PHELPS, HALL & SMEDLEY, BENJAMIN E. SWEET, for
plaintiff in error.

WOOD, RIS & HAMES, THOMAS T. CRUMPACKER, JIM
ELLIOTT, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the
Court.

ON February 23, 1961, plaintiff in error, hereinafter
referred to as Mary, was a volunteer worker for

Travelers Aid and was serving at the airport operated by the City and County of Denver. The defendant corporation was an independent contractor and had theretofore entered into an agreement with the City and County of Denver under which the company provided maintenance service at the airport, which included care of the floors and general janitorial work. In the performance of its duties under the contract the defendant waxed the airport floors once each week.

On the above date Mary slipped and fell on a floor at the airport, which had been waxed by agents of the company late on February 21st or early on February 22nd, 1961, and as a result sustained an injury to her left knee. On November 30, 1961, this action was commenced to recover damages resulting from the fall allegedly caused by the negligence of the defendant.

The defendant by answer denied any negligence resulting in damage to Mary, and further alleged affirmatively that any injuries sustained by her resulted from her own negligence.

At the conclusion of the evidence offered in support of Mary's claim the trial court, on motion of defendant's attorney, dismissed the action for failure of plaintiff to make out a prima facie case of negligence.

The sole question for determination on this writ of error is whether there was any evidence of negligence on the part of the defendant to require a submission of that issue to the jury for determination.

In granting the motion to dismiss the action, the trial court commented as follows:

"By looking at the testimony most favorable to the plaintiff, which you have to do of course, the testimony shows that the floor was slippery. In the Court's opinion, the record is silent on what caused that condition. * * *"

We have carefully examined the full record before us and find no competent evidence requiring submission to the jury of the issue of negligence on the part of the defendant. There is evidence that the floor

484

was slick at the place where Mary fell. There is no evidence that any act of the defendant caused the floor to be slippery; that any wax was improperly applied; that it was calculated to cause a slippery condition; or that the floor was in other than its usual and ordinary condition. In short, we find no competent evidence of negligence in the record and the trial court did not err in dismissing the action. *Gordon v. Clotsworthy,* 127 Colo. 377, 257 P.2d 410.

The judgment is affirmed.