No. 22535.

LITTLE THOMPSON WATER ASSOCIATION AND LITTLE THOMP-
SON VALLEY WATER DISTRICT *v.* B. DOUGLAS STRAWN AND
LONGS PEAK ENGINEERING COMPANY, INC.

(466 P.2d 915)

Decided March 23, 1970.     Rehearing denied April 13, 1970.

CROSS & CHRISTENSEN, JOHN A. CROSS, ROBERT C. CHRISTENSEN, for plaintiffs in error.

KNOWLES, HOPPER and MOLEN, DONALD S. MOLEN, YEGGE, HALL, TREECE and EVANS, JAMES C. PERRILL, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

THIS writ of error arises out of a judgment for $21,154.04 entered upon a jury verdict in the District Court of Boulder County in favor of plaintiff Longs Peak Engineering Company, Inc. and against defendant Little Thompson Valley Water District. The parties are herein referred to as the "Company" and the "District."

A group of interested persons associated together under

the name of Little Thompson Water Association for the purpose of creating a quasi-municipal water district and constructing a domestic water system to serve certain rural portions of Boulder, Larimer and Weld Counties. The association entered into an agreement dated April 1, 1961, for engineering services to be provided by B. Douglas Strawn, a registered professional engineer. By this agreement Strawn agreed to perform various professional engineering services required for the construction of a domestic water supply and distribution system, included among which were the designing of the system, the making of necessary investigations, studies, reports, plans and specifications, surveys, profile plats, cost estimates, etc., consulting services and construction supervision, all to the end that a complete water distribution system including a filtration plant would be constructed and put into operation by September 1, 1962.

The agreement further provided that Strawn would be compensated for his services at the rate of 6% of the entire cost of the system, $1,500 of which was payable at the time the water district was formed and funds became available, and the balance of the engineering fee to be paid in installments at various stages of construction, on engineer's estimates of costs incurred. The final 10% of compensation was due upon final acceptance of the system, but in any event within thirty days after final completion of the system.

The water district was successfully created and the agreement was assigned by the water association to the District, and by Strawn to the Longs Peak Engineering Company, Inc. which he had incorporated. Strawn was the principal stockholder, chairman of the board, president and general manager, and his wife was secretary of the company. Both assignments were with complete consent of all of the parties and no problem arises by reason thereof. Although Strawn was a party plaintiff and Little Thompson Water Association was a party defendant, both were dismissed from the action by the trial court.

There was no general contractor in charge of the whole project. Rather, the performance of the construction work was done by various contractors, and the materials used therein were furnished by various suppliers, all of whom contracted directly with the District. The last pipeline installation was completed in April of 1963, and the system was placed in operation then rather than in September of 1962 as originally contemplated.

The controversy arose over the refusal of the District to pay the Company the final 10% of the engineering fee payable under the contract. The company brought this action to recover the balance claimed to be due and owing. The Company's complaint alleges two claims for relief, the first of which was based on the written agreement and demanded $21,381.99, and the second of which claimed extra compensation in the amount of $4,000 for engineering services rendered beyond and in addition to those contemplated in the written agreement.

The District's answer and counterclaim denied it owed any sums, contending the Company failed in its performance under the contract and that by reason of its failure to perform and its "ill-designed" and "improperly specified" work under the contract the District "necessarily incurred great expense to redesign, modify and rebuild substantial portions" of the water system. The District demanded damages of $63,907.66 on its counterclaim.

At the conclusion of all of the evidence, the trial court directed a verdict of liability in favor of the Company on its first claim for relief, submitting only the issue of compensation to the jury which brought in a verdict in favor of the Company for $21,154.04. The second claim was submitted to the jury in all aspects and the jury found against the Company and in favor of the District on this claim. The trial court directed a verdict against the District on its counterclaim.

The District asserts that many prejudicial errors were committed by the trial court. We consider 'but two

which we agree require reversal of the judgment: first, the court erred in directing, as a matter of law, that the Company had performed the agreement between the parties; and, second, the court erred in directing a verdict against the District on its counterclaim.

We observe here that the contentions of the parties present a classical situation where the contract doctrine of substantial performance is particularly applicable. The evidence indicated that the water system was substantially complete and put into operation, although there was never any final acceptance by the District, nor was the evidence of final completion of the system by any means clear. The Company claimed complete and full performance, which was denied by the District. The District denied substantial performance and repudiated its obligation to make final payment, and on the other hand claimed material breaches of the contract for which substantial damages were claimed owing to it. This Court has considered the doctrine of substantial performance in many cases, among which are: *Reynolds v. Armstead,* 166 Colo. 372, 443 P.2d 990; *Newcomb v. Schaeffler,* 131 Colo. 56, 279 P.2d 409; *Zambakian v. Leson,* 79 Colo. 350, 246 P. 268; *Ross Mining Co. v. Sethman,* 50 Colo. 33, 114 P. 287; *Lombard v. Overland D. & R. Co.,* 41 Colo. 253, 92 P. 695; *Charles v. Hallack Lumber Co.,* 22 Colo. 283, 43 P. 548; *Morris v. Hokosona,* 26 Colo. App. 251, 143 P. 826. The rules appear to be that if the promisor proves complete and full performance, he is entitled to recover the complete and full consideration bargained for; if the proof establishes something less than full and complete performance, that is, substantial performance only, he is entitled to recover the contract price less those necessary expenditures required to complete the performance bargained for; and, if the performance falls short of being substantial, then the promisor is entitled to no recovery. See also 3 *A. Corbin, Contracts* §§700-12; 17 Am. Jur. 2d *Contracts* §375. Whether performance is complete, substantial, or less than substantial

involves a factual determination for the trier of facts, here, the jury.

As we view the evidence, there was considerable dispute concerning whether the Company fully performed its contractual obligation. Likewise, the evidence was in dispute as to the nature and extent of the deficiencies in the system, the cause of the alleged deficiencies, and the extent of the work necessary to correct the deficiencies. These matters should have been resolved by the jury and not by the court. Where the evidence presents controverted issues of fact, it is error to direct a verdict. *Farmer v. McColm,* 148 Colo. 39, 364 P.2d 1059; *Eberle v. Hungerford,* 130 Colo. 167, 274 P.2d 93. It is only in the clearest of cases when the facts are undisputed and it is plain that reasonable men can draw but one inference therefrom that the question is one of law for the court. We hold that it was error, in view of the conflicting evidence offered by the parties in support of their respective claims, for the court to direct a verdict of liability in favor of the Company and against the District on Company's complaint, and to direct a verdict against the District on its counterclaim against the Company.

We further comment that the trial court considered the District's counterclaim as setting forth only a claim in tort for breach of the professional duty of an engineer, whereas the District's theory included also a claim for breach of contract. It appears that a pretrial conference was held, at which the legal issues were determined, and, although ordered to do so, the parties failed to submit a pretrial order for entry by the court. No order appears in the record and the precise issues raised by the counterclaim are not clearly delineated. On remand for retrial, clarification of the issues would seem to be in order so that the trier of fact may more intelligently determine the controversy presented.

The Company raised no cross-errors relating to the verdict of the jury on the Company's second claim for

relief, and that judgment is hereby affirmed.

The judgment is reversed and cause remanded for a new trial on the Company's first claim for relief and on the District's counterclaim.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES concur.