**C-572**

**Richard W. Staats v. Wanda Caroline Sanchez, a minor, by and through her mother and next friend, Mary Sanchez, and Ernest Sanchez and Mary Sanchez, individually**

(539 P.2d 1233)

Decided August 11, 1975.

Madden and Strate, P.C., George J. Strate, Robert L. McGahey, Jr., for petitioner.

Litvak, Schwartz & Karsh, a Professional Corporation, Alan E. Karsh, for respondents.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Certiorari to the court of appeals was granted to review the decision in that court of *Sanchez v. Staats*, 34 Colo. App. 243, 526 P.2d 672. We affirm the judgment of the court of appeals.

The negligence claim for damages of Wanda Caroline Sanchez, respondent-plaintiff, against petitioner-defendant arose out of an automobile collision which occurred on East 39th Avenue in Denver on July 6, 1970. The facts giving rise to plaintiff's claim are set forth in detail in the opinion of the court of appeals and need not be repeated here. It is sufficient to relate that the left front of plaintiff's vehicle, which was proceeding westerly on East 39th Avenue, collided with the left front of defendant's vehicle, which had just made a right turn out of an alley onto East 39th Avenue and was then proceeding easterly. The evidence tended to show that the easterly view from the alley was somewhat obstructed by a camper which was parked at the curb to the right of the point of exit from the alley. Likewise, the same visual impediment existed for plaintiff proceeding westerly on East 39th Avenue toward the alley.

By answer, defendant asserted the affirmative defense of contributory negligence.

At the conclusion of the entire evidence, the district court granted defendant's motion for a directed verdict on the basis that plaintiff had failed to prove a prima facie case of negligence and was also guilty of contributory negligence as a matter of law.

■ The court of appeals reversed the judgment, holding that the evidence raised factual issues as to negligence and contributory negligence which should have been resolved by the jury and not by the court. We agree with this conclusion.

When viewed in the light most favorable to the plaintiff, the evidence bearing upon defendant's negligence was: he exited from the alley when plaintiff's vehicle was close enough to constitute a hazard; his view of traffic in the street was obstructed; and he made an admission against interest, "I never even saw her because of the truck [camper]." This evidence would justify a reasonable inference that defendant was not operating his vehicle in a reasonably prudent manner at the time and place of the accident. The evaluation of this evidence and the inferences to be drawn therefrom were certainly for the jury under proper instructions of the court. *Lasnetske v. Parres*, 148 Colo. 71, 365 P.2d 250.

■ The evidence tending to negate any contributory negligence of plaintiff was disputed, but, when viewed in the light most favorable to her, it would indicate that she was driving with due regard and caution for the conditions then existing on the roadway. Among those conditions were: the character of the neighborhood through which she was traveling; the lunch-hour pedestrian traffic from a nearby factory; the presence of children with bicycles playing on the street corners; the narrowness of the roadway, with cars parked solidly on either side; the absence of a marked centerline on the roadway; and her testimony that she was proceeding cautiously in view of these conditions. A jury could reasonably infer that plaintiff was

operating her motor vehicle with that degree of care which a reasonably prudent person would use under the same or similar circumstances and could therefore conclude that plaintiff was not contributorily negligent. The rule is stated in *Lasnetske, supra*:

"It is well settled in this state that the issues of negligence, contributory negligence and proximate cause are matters generally to be resolved by the trier of the facts, and it is only in the clearest of cases, where the facts are undisputed and reasonable minds can draw but one inference from them, that the question of what constitutes reasonable care is ever one of law to be decided by the court. *See Yockey Trucking Company, Inc. v. Handy*, 128 Colo. 404, 262 P.2d 930, and *Gray v. Turner*, 142 Colo. 340, 350 P.2d 1043. * * *"

*See also Reidesel v. Blank*, 158 Colo. 340, 407 P.2d 30; *Swanson v. Martin*, 120 Colo. 361, 209 P.2d 917.

We agree with the court of appeals that the determination of the issues of negligence and contributory negligence under the facts of this case was for the jury and not for the court.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE and MR. JUSTICE ERICKSON do not participate.