John E. Lang Pottawatomie County Counselor County Office Building, P.O. Box 187 Westmoreland, Kansas 66549
Dear Mr. Lang:
As Pottawatomie county counselor you request our opinion regarding whether a county commissioner may serve on the board of the Kansas association of counties (KAC) and also be a trustee for the Kansas workers risk cooperative for counties (KWORCC).
You provide copies of letters from an attorney with the Kansas insurance commissioner's office and legal counsel for the KAC giving legal advice in this matter. These attorneys reach different conclusions. The department of insurance attorney states that because the KAC has a contract to act as administrator of the pool, the KAC is a service agent and KAC board members and officers are therefore ineligible to serve as trustees of KWORCC or other pools. K.S.A. 12-2627 is cited as authority for this position. Counsel for the KAC concludes that there is no conflict, noting that K.S.A. 12-2627 does not contain a specific prohibition against serving as both a director of the KAC and a trustee for a pool.
K.S.A. 12-2616 et seq. permit Kansas public entities to pool liabilities for certain types of losses. KWORCC (the pool upon which the commissioner in question sits) covers worker risks, has qualified for a certificate from the insurance commissioner, and is administered by the KAC. The act also provides for a board of trustees to administer and oversee each pool and sets forth the qualifications for membership on that board. K.S.A. 12-2627
provides in pertinent part:
 "The board of trustees shall consist of not less than three persons selected according to the bylaws of the pool for stated terms of office to direct the administration of a pool, and whose duties include approving applications by new members of the pool. The majority of the trustees must be a member of the governing body or an officer or employee of members of the pool, but a trustee may not be an owner, officer, or employee of any service agent or representative." (Emphasis added).
The issue is whether the KAC is a "service agent" of the pool in question, and if so whether the position of KAC board member is that of an owner, officer or employee of the KAC.
We find no definition of the term "service agent" in K.S.A. 12-2612 et seq., nor have we been able to locate a Kansas case or statute containing a definition for that phrase. Thus, we must turn to other sources to assist in explaining what may constitute a "service" and an "agent." "Words and phrases shall be construed according to the context and the approved usage of the language, but technical words and phrases, and other words and phrases that have acquired a peculiar and appropriate meaning in law, shall be construed according to their peculiar and appropriate meanings." K.S.A. 1994 Supp. 77-201 Second.
The term "service" is defined for purposes of contract law as a "[d]uty or labor to be rendered by one person to another, the former being bound to submit his will to the direction and control of the latter. The act of serving the labor performed or the duties required." Black's Law Dictionary 1368 (6th ed. 1990). InFraser-Yamor Agency Inc. v. Del Norte County, 68 Cal.App.3d (1977), the California court of appeals held that one who was an agent of an insurance company performing duties undertaken by the agency in carrying out the contract was supplying a "service" to the insurance company.
An agent is: "A business representative, whose function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between principal and third persons. One who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account for it. One who acts for or in place of another by authority from him. . . . One who deals not only with things, as does a servant, but with persons, using his own discretion as to means, and frequently establishing contractual relations between his principal and third persons." Black's Law Dictionary 63 (6th ed. 1990).
An agency relationship is created by a contract, either express or implied, in which one party confides to another the management of some business to be transacted in one party's name or on their account, and by which the other party assumes to do that business and render an account for it. Barbara Oil Co. v. Kansas GasSupply Corp., 250 Kan. 438 (1992). An agency relationship is one which results from the manifestation of consent by one to the other that they will act on behalf of the principal and be subject to their control. Sullivan v. Finch, 140 Kan. 399 (1934).
With these general rules in mind, we examine the relationship between the KAC and the KWORCC.
Individual county governing boards are parties to the bylaws and interlocal agreement for the KWORCC. Article 2.2 of this agreement defines the administrator as the executive director of the KAC. Article 8.3g allows the KWORCC to contract with the KAC for administrative and management services. However, from the general grant of authority discussed in the bylaws and agreement for administrative services, it appears that the KWORCC has delegated much of the day to day management of the pool to the KAC.
Given the general definitions of the terms service and agent, such a contract would create a service agent relationship. The remaining issue therefore becomes whether an individual serving as a member of the board of directors of the KAC qualifies as an officer of that service agent.
An officer is a person charged with important functions of management. Black's Law Dictionary 1083 (6th ed. 1990). Seealso K.S.A. 17-6301 et seq. An officer of a public corporation is characteristically vested with the ability to exercise some sovereign power. See Sowers v. Wells, 150 Kan. 630 (1939); Statev. Rose, 74 Kan. 262 (1906); and Jaggers v. Green, 90 Kan. 153
(1913). See also Barney v. Hawkins, 257 P.2d 411 (Mont. 1927). It is not difficult to conclude that a board member or trustee who is part of the main governing body of an entity such as the KAC or KWORCC is an officer of that entity.
It is therefore our opinion that K.S.A. 12-2627 precludes a board member of a municipal insurance pool created under K.S.A. 12-2616et seq. from also serving on the board of the Kansas association of counties where the KAC has contracted to act as the manager and administrator of such pool.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:bas